**UNITED STATES v. WELSH et al.**

Cr. No. 1195–53.

United States District Court
District of Columbia.

Dec. 22, 1953.

E. Riley Casey, Asst. U. S. Atty., Washington, D. C., for United States.

Curtis P. Mitchell, Washington, D. C., for defendants, Roderigues and Poulson.

HOLTZOFF, District Judge.

This is a motion by defendants for a severance. The indictment consists of 11 counts. All of the defendants are named in the first count, which charges a conspiracy to commit offenses consisting of being concerned in managing, carrying on and promoting a lottery known as the numbers game, and selling and transferring chances, rights, and interests in the lottery.

A number of overt acts are alleged in the first count, as is customary in conspiracy indictments. The other ten counts set forth substantive offenses. One or more of the defendants are named in each of these substantive counts but no one count embraces all the defendants.

Counts 2 to 6, inclusive, are identical, practically, in their allegations. The only differences are in dates and names of defendants. Each of these counts charges the defendants therein named as having been concerned as owners, agents, and clerks and in other ways in managing, carrying on, and promoting a lottery known as the numbers game.

The seventh count charges several of the defendants named therein with possession of what are known as numbers slips.

The eighth, ninth, and tenth counts charge the defendants named therein with selling and transferring chances in the numbers game.

The dates of the offenses charged in each of the counts from the second to the tenth, inclusive, are within the period during which the conspiracy is charged to have been conducted in the first count.

The eleventh count differs from the other counts in that it charges two of the defendants with maintaining gambling premises at a certain specified. address in the District of Columbia. Each of the defendants contends that he is improperly joined under Rule 8(b), and each asks for a separate trial.

■ Joinder of offenses and of defendants under the present Federal Criminal Procedure is governed by Rule 8 of the Federal Rules of Criminal Procedure, 18 U.S.C.A. Rule 8 is divided into two subsections. Subsection (a) governs the joinder of two or more offenses charged against one defendant and relates only to cases in which there is only one defendant. In such an instance separate offenses may be joined that are not connected provided they are of the same or similar character. A typical example is an indictment for forgery of an endorsement on a Government check. It is customary if the defendant is charged with several such violations to join them in one indictment.

Rule 8(a), however, does not apply to cases in which two or more defendants are joined in the same indictment. Such joinder is governed by Rule 8(b). Rule 8(b) in the second sentence permits the joinder in the same indictment if some defendants are charged only in one or more counts but all of the defendants are not charged in each count. But the first sentence of Rule 8(b) limits the joinder of defendants in the same indictment only to situations where they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions constituting an offense or offenses. In other words, different unconnected offenses not arising out of the same series of transactions may not be joined in an indictment in which two or more defendants are charged. There is a good reason for that restriction. This is no technical limitation. The purpose is to prevent mass trials.

■■ The question here comes down to the inquiry whether this indictment alleges that the various defendants who have been joined have participated in the same series of acts or transactions. The Government contends that in effect the indictment is to be construed as making an allegation of that kind. There is no express averment to that effect. It would have been better if there were, but under the present rules indictments are not to be construed with the technical nicety that prevailed under the old procedure.

Rule 52(a) expressly provides that:

"Any error, defect, irregularity or variance which does not affect substantial rights shall be disregarded."

The question, therefore, becomes whether the indictment should be construed as charging the defendants as having participated in the same series of acts or transactions even though there is no blanket allegation to that effect. To answer this question requires an analysis of the indictment.

The first count, as has been stated, charges all of the defendants with conspiring to violate the law relating to lotteries. It alleges that this conspiracy commenced prior to May 29, 1953, and continued until on or about July 1, 1953.

Counts 2 to 10, inclusive, allege substantive offenses said to have been committed by one or more defendants in violation of laws relating to lotteries. In each instance the date named is within the period charged in the conspiracy count. Therefore, it is a reasonable inference that the draftsmen of the indictment intended that Counts 2 to 10, inclusive, should be deemed to charge the same series of acts or transactions as the conspiracy charged in the first count.

The eleventh count is a little different. It charges two of the defendants with maintaining gambling premises at 1833 Kalorama Road, on or about July 1st.

When we refer to the first count and examine the overt acts therein charged, we find that overt act No. 13 charges that on or about July 1, 1953, the same defendants as those named in the eleventh count owned premises known as 1833 Kalorama Road, Northwest, where numbers slips and gambling paraphernalia were found. The inference necessarily follows that the offense charged in the eleventh count, being practically the same as overt act No. 13, is claimed to have been an outgrowth of the same series of acts or transactions as charged in the first count.

In view of these considerations the Court reaches the conclusion that the indictment reasonably construed must be deemed to have alleged that the various defendants named therein participated in the same series of acts or transactions that constitute the offense charged in the indictment. For these reasons the motion for a severance is denied.