**Joseph Blaine SPEAR, Appellant,**
v.
**UNITED STATES of America, Appellee.**
No. 6824.

United States Court of Appeals
Fourth Circuit.

Argued Oct. 5, 1954.

Decided Oct. 6, 1954.

Buford T. Henderson, Winston-Salem, N. C., for appellant.

Lafayette Williams, Asst. U. S. Atty., Yadkinville, N. C. (Edwin M. Stanley, U. S. Atty., Greensboro, N. C., on brief), for appellee.

Before PARKER, Chief Judge, SOPER, Circuit Judge, and HOFFMAN, District Judge.

PER CURIAM.

This is an appeal in a criminal case in which the appellant was convicted under two indictments, one charging appellant and one Minter with removal and concealment of distilled spirits in July 1952, the other charging appellant with operating an illicit distillery in February 1953. The two cases were consolidated for trial and both appellant and Minter were convicted but Minter has not appealed.

The appellant contends that the two cases were improperly consolidated, that a record of whiskey transactions kept by the witness Ollie C. Tharpe was improperly admitted in evidence and that there was no sufficient evidence of the operation of an illicit distillery by appellant. There is not sufficient merit in any of the contentions to justify discussion. The consolidation of the cases was clearly authorized by Rule 13 of the Rules of Criminal Procedure, 18 U.S.C.A., as the offenses charged could clearly have been charged in a single indictment under Rule 8. The admission in evi-

dence of the book entries was authorized by 28 U.S.C. § 1732 and in the absence of the statute would have been admissible in corroboration of the witness who had testified to the transactions evidenced by them. The evidence established that an illicit distillery had been operated on defendant's premises and there was ample proof to connect defendant with its operation.

The judgment and sentence appealed from will be affirmed and mandate will issue forthwith, as there is no sufficient question in the case to justify the defendant's being allowed to remain longer at liberty under bail.

Affirmed.