Henry Dewitt INGRAM, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 7937.

United States Court of Appeals
Fourth Circuit.

Argued Oct. 8, 1959.

Decided Nov. 5, 1959.

William L. Osteen, Greensboro, N. C. (Fred M. Upchurch, and Booth & Osteen, Greensboro, N. C., on the brief), for appellant.

H. Vernon Hart, Asst. U. S. Atty., Greensboro, N. C. (James E. Holshouser, U. S. Atty., Boone, N. C., on the brief), for appellee.

Before SOBELOFF, Chief Judge, HAYNSWORTH, Circuit Judge, and FIELD, District Judge.

SOBELOFF, Chief Judge.

The sole issue on this appeal is whether the appellant is entitled to a new trial because of a misjoinder of defendants in a criminal proceeding. Henry Dewitt Ingram was convicted in two cases of removing, concealing and possessing non-tax-paid liquor. In one case (No. Cr. 166 G–59, which will be referred to as "No. 166"), arising out of events on the evening of March 21, 1959, Ingram was indicted with Clara, his wife, James Gill, Janie Gill and Hozel Duke. In the other case (No. Cr. 497 G–58, which

will be referred to as "No. 497"), growing out of events on November 26, 1958, Ingram was indicted with Fred Kirkpatrick and James Sadler. The cases were consolidated and tried together upon motion of the Government, over Ingram's objection.

After the jury was empaneled, the attorney for the Ingrams moved that in No. 166 their trial be severed from the trial of the Gills and Duke. The ground of the motion was that the alleged offense of the Ingrams was separate from that of the Gills and Duke, although the general language of the indictment did not indicate this. The court denied the Motion for Severance, pointing out that there was nothing before the court to show that a severance was justified or that the Ingrams would be prejudiced by being tried with the Gills and Duke. The trial proceeded against the Ingrams and their three codefendants in 166 and against Ingram and his two codefendants in 497, together. When the testimony was concluded, Clara Ingram, Kirkpatrick and Sadler changed their pleas to guilty. In No. 166, the jury acquitted Duke, but convicted the two Gills and Ingram. They also found Ingram guilty in No. 497. He then moved in arrest of judgment and for a new trial, which was denied.

In No. 166, it appears from testimony that two police officers were watching appellant's house, at 307 Hay Street in High Point, North Carolina, between 7:30 and 8:00 p. m. on March 21, 1959. The officers saw someone they identified as appellant going to a woodshed in back of his house where he picked up some objects and carried them away. Shortly afterwards, the officers caught Ingram's wife carrying a gallon of non-tax-paid whiskey away from the woodshed. The officers also found, at the woodshed where she had picked up the whiskey, two more half-gallon jars of non-tax-paid whiskey.

Simultaneously, other officers were watching the Gills' house, located at 301 Hay Street, 200 yards north of appellant's home. At about the time appellant's wife was apprehended at 307 Hay Street, the other officers found Janie Gill in possession of a small quantity of non-tax-paid whiskey in her house at 301 Hay Street, and also discovered fifty-six and one-half gallons of non-tax-paid liquor in a tool house located directly behind the Gills' home. Aside from the identity of time and the relatively short distance between the two homes, there is nothing in the record indicating a connection between the violation of the Ingrams at 307 Hay Street with that of the Gills at 301.

Two rules of the Federal Rules of Criminal Procedure [18 U.S.C.A.] are pertinent here. Rule 8(b) states:

"Joinder of Defendants. Two or more defendants may be charged in the same indictment or information if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses. Such defendants may be charged in one or more counts together or separately and all of the defendants need not be charged in each count."

Rule 14 provides:

"If it appears that a defendant or the government is prejudiced by a joinder of offenses or of defendants in an indictment or information or by such joinder for trial together, the court may order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires."

As to both rules, the Advisory Committee on Rules noted that they are a codification of pre-existing law.

The appellant maintains that since no connection was shown between the Ingrams' offense and that of the Gills, we have here no common act or transaction, and therefore the statute did not permit a common indictment and trial. In argument before use the Government conceded that the defendants should not have been tried together, but argued

that where there is a misjoinder of defendants, relief is in the discretion of the trial judge, and that denial of a severance or a new trial is not error unless abuse of discretion is shown. Since the District Judge repeatedly cautioned the jury to consider each offense and the evidence applicable thereto separately, the Government contends that there is no showing of prejudice to the appellant, and that such prejudice must affirmatively appear for there to be an abuse of discretion under Rule 14.

Secondly, the Government argues that in the absence of a showing of prejudice, the Harmless Error Rule, Rule 52(a) of the Rules of Criminal Procedure [18 U.S.C.A.], applies and that even if there was error, it should be disregarded.

We must therefore consider whether it is within the trial judge's discretion to withhold relief where defendants, not engaged in the same act or transaction, are jointly indicted. In other words, does Rule 14 permit the court in its discretion to withhold relief in a case of improper joinder of defendants; or is the rule intended merely to confer discretion to grant relief, where prejudice to a defendant appears, in a case where defendants have been properly joined?

The Government cites several cases, and there are many others, holding that the grant or denial of motions for severance and for a new trial rest within the discretion of the trial court, and refusal of such motions is not reversible error unless an abuse of discretion is affirmatively shown. Stilson v. United States, 1919, 250 U.S. 583, 40 S.Ct. 28, 63 L.Ed. 1154; Berger v. United States, 1935, 295 U.S. 78, 55 S.Ct. 629, 79 L.Ed. 1314; Stokes v. United States, 5 Cir., 1938, 93 F.2d 744; Middleton v. United States, 4 Cir., 1957, 249 F.2d 719; Dowling v. United States, 5 Cir., 1957, 249 F.2d 746. However, in none of these cases does it appear that multiple defendants, *not connected in any manner whatsoever,* were allowed to be jointly tried and convicted.

Rule 8(b) specifically states when it is permissible to join defendants in a single indictment and trial. It provides that two or more defendants *may* be jointly charged if they are alleged to have participated in the same act or transaction. The necessary inference from this is that they *may not* be jointly indicted or tried in the absence of a common act or transaction. Rule 14 confers upon the trial judge discretion to relieve from prejudicial joinder. Several defendants may have been involved in the same act or transaction, but for some reason, one or more of them may be prejudiced by the normally permissible joinder. It is to avoid injustice in such a situation that Rule 14 vests the trial judge with wide discretion.[1] But the joinder of defendants and offenses totally unconnected is prohibited by Rule 8(b). This is not a matter of discretion; both the statutory language and the decided cases make this clear.

A leading case is McElroy v. United States, 1896, 164 U.S. 76, 81, 17 S.Ct. 31, 33, 41 L.Ed. 355, decided when the statute was substantially the same as the present Rule 8(b). Five defendants were indicted for assault and arson occurring on May 1, 1894, while only three of them were separately indicted for arson occurring on April 16, 1894. The court ordered the indictments consolidated, and all defendants were tried together and convicted. The Supreme Court reversed, as the indictments were for separate and distinct offenses, independent of each other. In reply to the Government's contention there that the defendants were not prejudiced by the consolidation, the Supreme Court, through Chief Justice Fuller said:

" * * * But we do not concur in this view. While the general

1. A good illustration is United States v. Decker, D.C.Md.1943, 51 F.Supp. 20, where two defendants were jointly tried for offenses which unquestionably were connected, and therefore the joinder was permissible. However, Judge Chesnut, in the exercise of his discretion, granted one of the defendants a new trial because a great volume of the Government's evidence related to the codefendant only, and there was reason to fear that prejudice had occurred.

rule is that counts for several felonies of the same general nature, requiring the same mode of trial and punishment, may be joined in the same indictment, subject to the power of the court to quash the indictment or to compel an election, such joinder cannot be sustained where the parties are not the same, and where the offenses are in nowise parts of the same transaction, and must depend upon evidence of a different state of facts as to each or some of them. It cannot be said in such case that all the defendants may not have been embarrassed and prejudiced in their defense, or that the attention of the jury may not have been distracted to their injury in passing upon distinct and independent transactions. *The order of consolidation was not authorized by statute, and did not rest in mere discretion.*" (Emphasis supplied.)

In other words, where multiple defendants are charged with offenses in no way connected, and are tried together, they are prejudiced by that very fact, and the trial judge has no discretion to deny relief.

In our own circuit, in Cataneo v. United States, 4 Cir., 1948, 167 F.2d 820, 823, Rules 8 and 14 of the Rules of Criminal Procedure were extensively discussed, and this court clearly took the position that Rule 8(b) permitted joinder of defendants only where the offenses were in some way connected. Judge Dobie said:

*"When consolidation is permissible under the formal requirements of Rules 8 and 13,* Federal Rules of Criminal Procedure, the question of severance or common trial is vested under *Rule 14* in the sound discretion of the trial judge and his decision will be reversed on appeal only upon a clear abuse of that discretion. * * *"* (Emphasis supplied.)

Many other cases point out that defendants charged with unrelated offenses may not be indicted and tried together, and it is only where there is a connection among all defendants that the decision of the trial judge on motions for severance or for a new trial is not to be interfered with in the absence of an abuse of discretion. In United States v. Welsh, D.C.D.C.1953, 15 F.R.D. 189, 190, Judge Holtzoff stated:

"* * * But the first sentence of Rule 8(b) limits the joinder of defendants in the same indictment only to situations where they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions constituting an offense or offenses. In other words, different unconnected offenses not arising out of the same series of transactions may not be joined in an indictment in which two or more defendants are charged. There is a good reason for that restriction. This is no technical limitation. The purpose is to prevent mass trials."

See also: Coco v. United States, 8 Cir., 1923, 289 F. 33; Bridgman v. United States, 9 Cir., 1950, 183 F.2d 750; Ross v. United States, 6 Cir., 1952, 197 F.2d 660; United States v. Harvick, D.C.N.D. 1957, 153 F.Supp. 696.

Just as Rule 14 does not permit the Government to circumvent the prohibition of Rule 8(b), neither does the Harmless Error Rule, Rule 52(a), have this effect. The error here was no mere technicality. The rule against jointly indicting and trying different defendants for unconnected offenses is a long-established procedural safeguard. Its purpose is to prohibit exactly what was done here, namely, allowing evidence in a case against one defendant to be presented in the case against another charged with a completely disassociated offense, with the danger that the jury might feel that the evidence against the one supported the charge against the other. It is not "harmless error" to violate a fundamen-

tal procedural rule designed to prevent "mass trials."

At the beginning of the trial, when the Motion for Severance was made, the District Judge had nothing before him but the indictment, and he could not foresee what the evidence later disclosed; but after the evidence was in, and the lack of connection between the defendants and the offenses was apparent, the motions in arrest of judgment and for a new trial should have been granted.

The details of case No. 497, consolidated for trial with No. 166, need not be set out in any detail, as the only link between the two cases was that both involved acts of possession by Ingram of non-tax-paid liquor. In No. 497, the Government's testimony disclosed that on November 26, 1958, Henry Ingram, together with Kirkpatrick and Sadler, were seen by officers unloading non-tax-paid liquor from an automobile in the driveway of appellant's house. Since the appellant, Ingram, should not have been tried with the Gills and Duke in case No. 166, it necessarily follows that case No. 497 should not have been consolidated with the case against the Gills and Duke.

█ Rule 13 governs the trial together of two or more indictments or informations. The court may order such joint trial if the offenses and the offenders could have been joined in a single indictment.[2] If hereafter Ingram should be retried in No. 166, in which he is now the sole defendant, it would be plainly proper in the exercise of discretion under Rule 13, to order his trial at the same time in No. 497—in which he is likewise the only remaining defendant.

Reversed and new trial awarded.

2. Rule 13, Federal Rules of Criminal Procedure, is as follows:

"The court may order two or more indictments or informations or both to be tried together if the offenses, and the defendants if there is more than one, could have been joined in a single indictment or information. The procedure shall be the same as if the prosecution were under such single indictment or information."

Rule 8(a), alluded to in Rule 13, is as follows:

"(a) Joinder of Offenses. Two or more offenses may be charged in the same indictment or information in a separate count for each offense if the offenses charged, whether felonies or misdemeanors or both, are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or con-

stituting parts of a common scheme or plan."

Rule 8(b) is quoted in the text of the opinion.