Richard H. WARD, Appellant

v.

UNITED STATES of America, Appellee.

No. 15744.

United States Court of Appeals District of Columbia Circuit.

Argued Nov. 3, 1960.

Decided May 4, 1961.

Mr. Lucien Hilmer, Washington, D. C. (appointed by this court), for appellant.

Mr. Abbott A. Leban, Asst. U. S. Atty., for appellee. Messrs. Oliver Gasch, U. S. Atty., at the time of argument, Carl W. Belcher, Asst. U. S. Atty., and Maurice R. Dunie, Asst. U. S. Atty., at the time the brief was filed, were on the brief for appellee.

Before WASHINGTON, DANAHER and BURGER, Circuit Judges.

BURGER, Circuit Judge.

Appellant was indicted, tried and found guilty on six counts for narcotics violations. He was tried with a co-defendant, Curtis Lyons, who was indicted jointly with appellant in counts 4, 5 and

6 for a narcotics sale on September 1, 1959. Lyons was not charged under counts 1, 2 and 3 which charged appellant alone for a narcotics sale on July 31, 1959. However, Lyons was indicted for a narcotics offense on December 11, 1959, which was the subject of count 7. The December 11 sale under count 7 was charged only to Lyons and was unrelated to the July 31 transaction.

Thus counts 1, 2 and 3 of the indictment charged appellant alone. Counts 4, 5 and 6 charged Lyons and appellant together in common transactions and count 7 charged Lyons alone.[1] The indictment did not allege that the transactions were connected or that they were pursuant to a conspiracy. Appellant's timely motion for severance, claiming prejudicial misjoinder, was denied.

Lyons was found not guilty as to count 7 and guilty on counts 4, 5 and 6. Appellant, as we have noted, was found guilty on counts 1 through 6 inclusive.

■ Rule 8(b) of the Fed.R.Crim.P., 18 U.S.C.A. provides that "two or more defendants may be charged in the same indictment * * * if they are alleged to have participated in the same act or transaction * * *." Thus joinder under counts 4, 5 and 6 was proper as to both Ward and Lyons, for they were alleged to have participated jointly in the September 1 transaction. But the indictment did not allege that the 7th count, against Lyons, was in any way related to the counts linking the two defendants.

■■ The government contends that Lyons' acquittal on count 7 demonstrates that Ward did not suffer prejudice by the joinder. But "where multiple defendants are charged with offenses in no way connected, and are tried together, they are prejudiced by that very fact, and the trial judge has no discretion to deny relief." Ingram v. United States, 4 Cir., 1959, 272 F.2d 567, 570. See also Schaffer v. United States, 1960, 362 U.S. 511, 80 S.Ct. 945, 4 L.Ed.2d 921; Mc-

Elroy v. United States, 1896, 164 U.S. 76, 17 S.Ct. 31, 41 L.Ed. 355; United States v. Welsh, D.C.1953, 15 F.R.D. 189, 190.

Since count 7 is disposed of, on a new trial appellant will be tried on counts 1 through 6, which Rule 8(a) allows to be joined against the single defendant.

Reversed and remanded.

---

1. Approximately one-fourth of the transcript covers evidence relating to Lyons' acts under count 7.