Bernard J. CHUBET, Jr., Appellant,

v.

UNITED STATES of America,
Appellee.

John R. KAUFFMANN, Appellant,

v.

UNITED STATES of America,
Appellee.

Nos. 19166, 19202.

United States Court of Appeals
Eighth Circuit.

Aug. 6, 1969.

Archibald Palmer, New York City, for appellant Chubet.

Lawrence N. Weenick, of Shepherd & Weenick, Clayton, Mo., for appellant Kauffmann.

Frederick O. Griffin, Jr., Asst. U. S. Atty., Kansas City, Mo., for appellee, Calvin K. Hamilton, U. S. Atty., Kansas City, Mo., on the briefs.

Before VAN OOSTERHOUT, Chief Judge, and VOGEL and HEANEY, Circuit Judges.

HEANEY, Circuit Judge.

These are appeals from judgments of conviction in the United States District Court for the Western District of Missouri. The defendants, Bernard J. Chubet, Jr. and John R. Kauffmann, were jointly charged with three others for the illegal possession and sale of amphetamine tablets in violation of the Federal Food, Drug and Cosmetic Act, 21 U.S.C. § 301 et seq. The defendants were charged in an information consisting of twelve counts. Six of the counts alleging possession were dismissed prior to trial. The defendant, Chubet, was convicted on the two counts he was charged in and was sentenced to one year imprisonment on each count—to be served concurrently. The defendant, Kauffmann, was convicted on all six counts and sentenced to one year imprisonment on each count—to be served concurrently.

Because the defendants urge separate and distinct errors as grounds for reversal, we will consider each conviction separately.

*Chubet:*

The defendant, Chubet, went to trial charged in the information as follows:

| COUNT | | AMPHETAMINE | DATE | PLACE |
|---|---|---|---|---|
| I | Kauffmann & Jared | Sale | Feb. 10, 1967 | Springfield, Mo. |
| III | Kauffmann & Chubet | Sale | Feb. 21, 1967 | Columbia, Mo. |
| V | Kauffmann & Chubet | Sale | Feb. 21, 1967 | Blue Springs, Mo. |
| VII | Kauffmann, Glacken & Geerdes | Sale | Feb. 23, 1967 | Jackson County, Mo. |
| IX | Kauffmann, Glacken & Geerdes | Sale | Feb. 23, 1967 | Columbia, Mo. |
| XI | Kauffmann, Glacken & Geerdes | Sale | Mar. 2, 1967 | Jackson County, Mo. |

Prior to the trial, Chubet moved for a separate trial on the grounds that three separate and distinct crimes were charged, two of which it was not alleged that he had participated in committing. The trial court denied his motion. Chubet contends that this ruling was erroneous and that his conviction must be reversed. We agree.

Rule 8(b), Federal Rules of Criminal Procedure, provides:

"(b) *Joinder of Defendants.* Two or more defendants may be charged in the same indictment or information if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses. Such defendants may be charged in one or more counts together or separately and all of the defendants need not be charged in each count."

In Ward v. United States, 110 U.S. App.D.C. 136, 289 F.2d 877 (1961), Ward and a codefendant were jointly indicted and tried. In Counts I, II and III, Ward alone was charged with the sale of narcotics. In Counts IV, V and VI, Ward and his codefendant were jointly charged with the sale of nar-

cotics. In Count VII, the codefendant alone was charged with the sale of narcotics.

The Court held, in reversing the conviction on the grounds of misjoinder under Rule 8(b) that:

"'[W]here multiple defendants are charged with offenses in no way connected, and are tried together, they are prejudiced by that very fact, and the trial judge has no discretion to deny relief.' Ingram v. United States, 4 Cir., 1959, 272 F.2d 567, 570. See also Schaffer v. United States, 1960, 362 U.S. 511, 80 S.Ct. 945, 4 L.Ed.2d 921; McElroy v. United States, 1896, 164 U.S. 76, 17 S.Ct. 31, 41 L.Ed. 355; United States v. Welsh, D.C.1953, 15 F.R.D. 189, 190."

*Id.* 289 F.2d at 878. 8 Moore, Federal Practice—Cipes, Criminal Rules ¶ 8.06 [2].

Here, Kauffmann, the common thread in the indictment, is an insufficient basis for jointly trying the defendants. While Kauffmann and the defendant were common participants in Counts III and V, there was no allegation linking the defendant with Counts I, VII, IX and XI. The information neither alleged that the transactions were connected nor that they were common to a conspiracy.

*Kauffmann:*

The defendant, Kauffmann, admitted that he made the sales. His primary defense was that he had been entrapped by government agents. He admits that the evidence indicating that he was guilty was "very strong." He argues, however, that the trial judge's comments, while summarizing the evidence during the charge to the jury, were improper and prejudiced the jury against him. He also contends that the trial judge's comments had the effect of placing upon him the burden of proving his innocence.

The defendant objected generally to the court's charge at trial, but did not take exception to the comments which he now, for the first time, asserts were error.

The defendant concedes that the asserted errors are not subject to review under Rule 30, Fed.R. Crim.P., but asks this Court to notice them as plain error under Rule 52(b).

In United States v. Ostendorff, 371 F.2d 729, 731 (4th Cir.), *cert. denied,* 386 U.S. 982, 87 S.Ct. 1286, 18 L.Ed.2d 229 (1967), the relation between the two rules was explained as follows:

"* * * Rule 52(b) of the Federal Rules of Criminal Procedure permits, but does not require, this court to notice plain errors although they were not brought to the attention of the district court. But it was never intended that Rule 52(b) be applied in such a way as to destroy Rule 30, which provides that no party may assign as error any portion of the charge to the jury unless he objects thereto before the jury retires stating distinctly the matter to which he objects and the grounds of his objection. E. g., United States v. Jones, 340 F.2d 599 (4th Cir. 1965). * * *"

In Herzog v. United States, 235 F.2d 664, 666 (9th Cir. 1955), *cert. denied,* 352 U.S. 844, 77 S.Ct. 54, 1 L.Ed.2d 59 (1956), the paradox between the two rules was resolved as follows:

"Criminal Rule 30 by its terms precludes *a party* from assigning as error the giving of an instruction to which he has not objected on the trial. Rule 52(b), appearing under the caption 'General Provisions,' is not directed to the party, but is a grant of authority to the court itself. These rules are not conflicting. Rather, they complement each other. Rule 52(b) was doubtless designed to take care of unusual or extraordinary situations where, to prevent a miscarriage of justice or to preserve the integrity of judicial proceedings, the courts are broadly empowered to notice error of their own motion. The Rule is in the nature of an anchor to windward. It is a species of safety provision the

precise scope of which was left undefined. Its application to any given situation must in the final analysis be left to the good sense and experience of the judges." (Emphasis included and footnote omitted.)

█ Thus, our task is to determine whether there were any errors by the trial court in the charge of such sufficient gravity as to substantially affect the rights of the defendant and prejudice him in the eyes of the jury 'to the extent that our failure to note them would perpetuate a miscarriage of justice. See, United States v. Birnbaum, 373 F.2d 250 (2d Cir. 1967), *cert. denied*, 389 U.S. 837, 88 S.Ct. 53, 19 L.Ed.2d 99. Petschl v. United States, 369 F.2d 769 (8th Cir. 1966).

█ The court, in its instructions, reviewed the evidence extensively. Consequently, the "very strong" evidence of the defendant's guilt was reflected in the summarization. However, as the defendant contends, the court made a number of misstatements of the evidence during its summarization. These errors, in our opinion, are an insufficient basis for reversal. While on several occasions the court reached the outer limits of permissible comment, we do not think that it became an advocate. See, Franano v. United States, 310 F.2d 533 (8th Cir. 1962), *cert. denied*, 373 U.S. 940, 83 S.Ct. 1545, 10 L.Ed.2d 694 (1963):

> " * * * The burden is on the appellant to show both error and prejudice, Goldstein v. United States, 8 Cir., 63 F.2d 609, 614, and 'error which in a close case might call for a reversal may be disregarded as harmless where the evidence of guilt is strong.' Garner v. United States, 8 Cir., 277 F.2d 242, 245, citing Glasser v. United States, 315 U.S. 60, 67, 62 S.Ct. 457, 86 L.Ed. 680; Homan v. United States, 8 Cir., 279 F.2d 767, 773. This is not a close case."

Thomas v. United States, 281 F.2d 132, 136 (8th Cir.), *cert. denied*, 364 U.S. 904, 81 S.Ct. 239, 5 L.Ed.2d 196 (1960).

The instructions must be considered as a whole. A careful review of the instructions convinces us that the jury was not misled by the instructions. The trial court carefully and meticulously admonished the jury several times that they were the sole fact finders and that they were not to take his comments as binding or conclusive. See, Rowell v. United States, 368 F.2d 957 (8th Cir. 1966), *cert. denied*, 386 U.S. 1009, 87 S.Ct. 1353, 18 L.Ed.2d 438 (1967); Rogers v. United States, 367 F.2d 998 (8th Cir. 1966), *cert. denied*, 386 U.S. 943, 87 S.Ct. 976, 17 L.Ed.2d 874 (1967); Hance v. United States, 299 F.2d 389 (8th Cir. 1966).

The defendant contends that the comments of the trial judge placed upon him the burden of establishing his innocence. The defendant argues that the court, in effect, told the jury that it should convict him if it found he lied. The defendant correctly contends that such is not the law. The rule is, of course, that the jury must find that the defendant committed the offense beyond a reasonable doubt whether or not he told the truth.

The court indicated in the instructions that the testimony of the defendant and of a codefendant (deputy sheriff) was inconsistent. The court then briefly discussed the codefendant's contention that when he made the deliveries of the pills, he was acting in his official capacity as deputy sheriff and was making an investigation. The court then stated:

> "Now those are just facts and circumstances. Maybe it was ignorance on his part. Maybe that brought his investigation to naught from a legal standpoint. Those are simply matters that you should take into consideration and I have no view about it one way or the other so far as my discussion of it with you is concerned, because you are the sole judges of what the facts are and the credibility of the witnesses and the weight and value you will give their testimony. If you believe they are telling the truth about these matters, then they are entitled to that con-

**1022**

sideration. If they are not telling the truth about it in your view, then they should be convicted."

The court had thoroughly instructed the jury prior to making the above statement that they were to convict only if the government proved the defendants guilty beyond a reasonable doubt. The court had admonished the jury that the defendants were innocent until proven guilty. Furthermore, in discussing the evidence with relation to another defendant no more than a few moments later, the court clearly stated again that the jury must be convinced beyond a reasonable doubt.

In our view, when the instructions are considered as a whole, it is clear that the errors committed were not prejudicial but harmless. We also note that if the defendant had specified the objections at the close of the charge, such errors that were made could have been corrected.

Reversed as to Chubet; affirmed as to Kauffmann.