THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* FÉLIX MAYA PÉREZ, RUBÉN MERCADO VÉLEZ, and CARMEN MORALES RIVERA, Defendants and Appellants.

No. CR-69-170.    Decided April 20, 1971.

*Yamil Galib Frangie* for appellants. *Gilberto Gierbolini, Solicitor General,* and *Federico Rodríguez Gelpí, Assistant Solicitor General,* for The People.

MR. JUSTICE DÁVILA delivered the opinion of the Court.

Three separate informations for violating the Bolita Act were filed against three persons for facts allegedly committed on three different occasions, in three different places.[1] The judge decided that the three cases would be heard jointly.

He expressed himself in the following manner in making that decision:

"Rule 89 of the Rules of Criminal Procedure of Puerto Rico provides that the court may order that two or more informations or complaints be jointly tried where the offenses and defendants, if more than one, could have been joined in a single information or complaint. The prosecution shall continue as if it were a single information or complaint. The court orders that these cases be heard jointly unless one of the defendants or the

---

[1] (a) In the case against Rubén Mercado Vélez it was alleged that the facts occurred on October 1, 1968, on the back part of a business called El Flamboyán in Cabo Rojo.

(b) In the case against Carmen Morales Rivera it was alleged that the facts occurred on September 2, 1968, in front of defendant's home at the Ward Leguísamo in Mayagüez.

(c) In the case against Félix Maya Pérez it is alleged that the facts occurred on October 5, 1968, in front of the business El Flamboyán at 12:15 p.m. in Cabo Rojo.

evidence for the prosecution is conflicting as to the defense of one of them."

The defense objected and grounded its objection in the following terms:

"The defense objects to the fact that the cases be jointly tried. It understands that that rule is not applicable to a situation like this of three citizens among whom no connection exists, accused of the same offense but on different dates, different occasions and places, relying on different kinds of evidence and different theories for the defense. Each citizen is entitled to have his case tried by itself separately."

■ The inclusion of several defendants in a single information, as well as the consolidation for trial of several cases against different defendants, has the purpose of accelerating the administration of justice. *Daley* v. *United States*, 231 F.2d 123–125 (1st Cir. 1956).

■ Rules 37 and 89 of the Rules of Criminal Procedure of 1963 establish the rules to be followed for the joinder of informations. Rule 37 (b) regulates the inclusion of several defendants in one information.[2] Rule 89 establishes when two or more informations may be jointly tried.[3] These two rules correspond to Rules 8 and 13 of the Rules of Federal Procedure. They incorporated the prevailing practice in that jurisdiction, *Metheany* v. *United States*, 365 F.2d 90 (9th Cir. 1966). The courts of that jurisdiction have held that both rules are complementary and should be considered jointly.

---

[2] Rule 37 (b) provides:

"Two or more defendants may be charged in the same information or complaint if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting the offense or offenses charged. Such defendants may be charged in one or more counts together or separately and all the defendants need not be charged in each count."

[3] Rule 89 provides:

"The court may order that two or more informations or complaints be jointly tried where the offenses and defendants, if more than one, could have been joined in a single information or complaint. The prosecution shall continue as if it were a single information or complaint."

*King* v. *United States*, 355 F.2d 700 (1st Cir. 1966); 1 Wright, Federal Practice and Procedure, § 212 (1969). It has been held that the holding of joint trials only lies if the acts charged in the informations could be included in one sole indictment. *Spear* v. *United States*, 216 F.2d 185 (1st Cir. 1954); *King* v. *United States, supra;* 8 Moore's Rules of Criminal Procedure, § 1302.

■■ To include more than one person in an information, as well as to try together several informations against different persons, is beneficial for the society which claims rapid administration of justice, but it can, on the other hand, cause prejudice to defendants. If the prejudice is minimum, it should give way to the benefit which the joint trial represents, in time and money. But it should not be taken to extremes which may prejudice the fundamental rights of a person charged with a public offense. Rules 37 and 89 have the purpose of regulating this situation so that, without prejudicing defendants' rights the administration of justice may be accelerated. Thus, if the informations against two or more persons arise from the same act or transaction or from a series of acts or transactions, the rules authorize the joinder of several defendants in the same information (Rule 37(b)) or the joint trial of several informations against different persons (Rule 89). Now then, what none of these two rules authorizes is the joint trial of several cases against different persons for facts which are not connected among themselves. Although it is true that the courts have discretion to determine the cases which may be consolidated for trial, their discretion may not go beyond the limits of what is authorized by the rules aforecited. *District of Columbia* v. *Hunt*, 163 F.2d 833, 836 (D.C. Cir. 1947).

The Supreme Court of the United States considered this question in *McElroy* v. *United States*, 164 U.S. 76, 81 (1896), a precedent which has served as a leading case for subsequent rulings in other courts in the federal jurisdiction. The facts

of the case before the Federal Supreme Court were the following: Five persons were charged with assault and arson for acts which occurred on May 1, 1894. Three of these five were charged separately for arson on the previous April 16. The trial court ordered the joint hearing of those cases and the Supreme Court reversed.

In *Ingram* v. *United States*, 272 F.2d 567 (4th Cir. 1959), Judge Soboloff, after citing the case of McElroy, states:

"In other words, where multiple defendants are charged with offenses in no way connected, and are tried together, they are prejudiced by that very fact, and the trial judge has no discretion to deny relief."

The case of *Ward* v. *United States*, 289 F.2d 877 (D.C. Cir. 1961), presents a situation of facts similar to the instant case. Richard Ward was indicted and prosecuted for violating the Federal Narcotics Act. He was charged with 6 counts in one information. His case was jointly heard with that of Curtiss Lyons, who was indicted jointly with Ward in counts 4, 5, and 6 for the sale of narcotics allegedly performed on September 1, 1959. Lyons was not indicted under counts 1, 2, and 3 which charged Ward with having performed a sale on July 31, 1959. Lyons was also indicted for a violation of the Federal Narcotics Act which occurred on December 11, 1959, and which was count No. 7 in the information. This count was charged only to Lyons and had no connection at all with the violation of July 31. Summarizing: counts 1, 2, and 3 were connected with Ward. Counts 4, 5, and 6 with Ward and Lyons. Count 7 against Lyons only. No conspiracy was alleged. Ward requested that his case be heard separately. The judge who presided the hearing denied it. Lyons was acquitted of count No. 7 but was found guilty of counts 4, 5, and 6. Ward was convicted of the six counts which were alleged against him. The government held on appeal that Lyons' acquittal on count No. 7 demonstrated that Ward did not suffer prejudice by the joinder. In deciding the ques-

tion, the Chief Justice of the Supreme Court of the United States, then serving in the Court of Appeals for the District of Columbia, stated that where multiple defendants are charged with offenses in no way connected, and are tried together, they are prejudiced by that very fact and the trial judge has no discretion to deny defendant's motion for severance. To that same effect: *King* v. *United States*, 355 F.2d 700 (1st Cir. 1966); *United States* v. *Eagleston*, 417 F.2d 11 (10th Cir. 1969); *Chubert* v. *United States*, 414 F.2d 1018 (8th Cir. 1969); *Ingram* v. *United States*, 272 F.2d 567 (4th Cir. 1959); Am. Bar Ass'n, Joinder and Severance, Minimum Standards for Criminal Justice (Approved Draft 1968); Note: *Joinder of Defendants in Criminal Prosecutions*, 42 N.Y.U. L. Rev. 513 (1967); Note: *Criminal Trial Joinder*, 74 Yale L.J. 553 (1965).

Judge Holtzoff in *United States* v. *Welsh*, 15 F.R.D. 189, 190 (D.C.D.C. 1953), stated the fundamental and basic reason for the existence of the rule which we have already set forth: to avoid the holding of mass trials. To that effect he stated:

"But the first sentence of Rule 8(b) limits the joinder of defendants in the same indictment only to situations where they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions constituting an offense or offenses. In other words, different unconnected offenses not arising out of the same series of transactions may not be joined in an indictment in which two or more defendants are charged. There is a good reason for that restriction. This is no technical limitation. The purpose is to prevent mass trials."

See also, *Kotteakos* v. *United States*, 328 U.S. 750, 772 (1946).

In view of the result which we have reached we need not consider the other assignments.

In view of the foregoing the judgment appealed from will

be reversed and the case remanded for the holding of separate trials for each one of the appellants.

The Acting Chief Justice delivered a separate concurring opinion.

—O—

MR. ACTING CHIEF JUSTICE PÉREZ PIMENTEL, with whom MR. JUSTICE RAMÍREZ BAGES joins, concurring. MR. JUSTICE RIGAU concurs in part.

San·Juan, Puerto Rico, April 20, 1971

I concur with the decision reached by the Court because the reversal of the judgment and the order to hold a new trial is an admonition to the judges of the Court of First Instance to observe the provisions of Rule 89 of the Rules of Criminal Procedure in the joinder of causes for trial. When said rule is violated in cases heard before a jury, the error is so serious, that the reversal of the judgment may be considered as automatic, since in prosecuting the case as if a single information or complaint were involved, defendants would be deprived of certain rights which the laws grant them in the proceeding. However, when cases heard before the court without a jury are involved, the situation may vary. I have held on previous occasions that the commission of an error does not entail automatically the reversal of the judgment, even though the error is of a constitutional nature, if the same has not injured defendant's fundamental rights. Although I continue holding the same view for the reasons set forth at the beginning, I do not consider it necessary to. analyze this case in the light of said principle.