**UNITED STATES of America,
Plaintiff,**

v.

**James K. FRANKE and Fredrick L.
Glover, Defendants.**

**No. 4–71 CR. 27.**

United States District Court,
D. Minnesota,
Fourth Division.

Aug. 18, 1971.

Robert G. Renner, U. S. Atty. by Neal J. Shapiro, Asst. U. S. Atty., for plaintiff.

Katz, Taube, Lange & Frommelt, by Steven Z. Lange, Minneapolis, Minn., for defendant Franke.

Robins, Meshbesher, Singer & Spence by Ronald I. Meshbesher, Minneapolis, Minn., for defendant Glover.

NEVILLE, District Judge.

The defendants are charged in one joint indictment with five counts of possessing illegal firearms as previously convicted felons in violation of 18 U.S.C. App. § 1202 and in four counts with unlawfully dealing in firearms without a license so to do in violation of 18 U.S.C. § 922(a) (1).

Defendants have moved to dismiss as to Counts I, III, V and VII of the indictment, the so-called "possession after a felony conviction" counts. They cite that the Fourth, Eighth and Ninth Circuit Courts of Appeal have held 18 U.S.C. App. § 1202 to be valid particularly against an attack relating to proof of interstate commerce, whereas the Second Circuit in United States v. Bass, 434 F.2d 1296 (2d Cir. 1970), has held to the contrary. Counsel for both defendants acknowledge that the Eighth Circuit in the case of United States v. Synnes, 438 F.2d 764 (8th Cir. 1971),

has disposed adversely to the defendants of all of the points raised by them on these motions. They suggest, however, that certiorari to the United States Supreme Court is now pending, to resolve the conflict among the Circuits. Consequently, they propose that if the motion to dismiss be denied, the court defer the trials until the United States Supreme Court has passed on the validity of the statute. The government opposes this motion and the court denies the request. It may well be six months to a year before any determination is made by the Supreme Court, assuming that it grants certiorari. Undoubtedly if a conviction flows in the case at bar defendants, now released on bail, will effect an appeal. This court sits in the Eighth Circuit and so far as the Eighth Circuit law is concerned such has been pronounced and is not to be ignored by this court and clearly prohibits a dismissal. There is of course a possibility of a reversal by the United States Supreme Court but this court does not believe that its calendar should be delayed and the cases held up for trial merely because of this possibility. Accordingly, the motion to dismiss or to delay is denied.

As to defendants' motion for separate trials for each defendant, the court feels compelled to grant such based on the holding of Chubet v. United States, 414 F.2d 1018 (8th Cir. 1969). There, defendant Kauffman was charged in six counts of a joint indictment with illegal possession and sale of amphetamine drugs in a one month period while defendant Chubet was charged in only two of the counts. For a unanimous Eighth Circuit panel Judge Heaney stated:

> "Here, Kauffmann, the common thread in the indictment, is an insufficient basis for jointly trying the defendants. While Kauffmann and the defendant were common participants in Counts III and V, there was no allegation linking the defendant with Counts I, VII, IX and XI. The information neither alleged that the transactions were connected nor that they were common to a conspiracy."

Counsel for defendant Glover cited generally ABA, Minimum Standards Relating to Joinder and Severance, (App. Draft, Sept. 1968). Standards 1.2(b) and (c) seem apposite only since they set forth standards which are not met in this case:

> "1.2 Joinder of defendants.
>
> Two or more defendants may be joined in the same charge:
>
> * * * * * *
>
> (b) when each of the defendants is charged with conspiracy and some of the defendants are also charged with one or more offenses alleged to be in furtherance of the conspiracy; or
>
> (c) when, even if conspiracy is not charged and all of the defendants are not charged in each count, it is alleged that the several offenses charged:
>
> (i) were part of a common scheme or plan;
>
> (ii) were so closely connected in respect to time, place and occasion that it would be difficult to separate proof of one charge from proof of the others."

In the instant case defendant Franke has been charged with four illegal sales (Counts II, IV, VI and IX) to a government agent over a five-month period. On only the last occasion was defendant Glover allegedly present and participating in the sale. As in Chubet, there is no allegation in the indictment of conspiracy, nor is there any allegation that the first three sales were in any way connected with the last. While each of the sales allegedly made by defendant Franke was made to the same government agent, that fact alone does not indicate the participation in the first three sales required by Rule 8(b) to join defendant Glover. Defendant Glover properly objects to the prejudice that the mass of evidence as to Franke would have on his alleged participation in only one instance as well as to the inconvenience of sitting through a long trial. To join the defendants for trial would,

therefore, be misjoinder, and the defendants have a right of severance. Wright, Fed.Prac. and Proc., Vol. I, 327–29 and cases cited in notes 71 and 72. Such improper joinder would not be saved by the harmless error doctrine. See Haggard v. United States, 369 F.2d 968, 972–973 (8th Cir. 1966) and *Wright, supra* at 329 and cases cited in note 73. See also King v. United States, 355 F.2d 700, 703 (1st Cir. 1966), where it was held that small retail sales of narcotics to the same government agent on different dates did not involve a connected series of acts, and that joinder of defendants was improper.

■ Both defendants have moved for severance for trial of the "possession" and "dealing" charges. Neither counsel has cited the court any controlling authority on the question presented. The possession of firearms offense under 18 U.S.C. App. § 1202 requires as a substantive part of the crime proof of a prior felony conviction by a defendant. The unlicensed dealing offense does not. Defendants' argument simply is that to try the two offenses together to the same jury prejudices them assuming that they do not take the witness stand. The jury becomes informed of the defendants' prior felony convictions—which is not admissible evidence, absent impeachment, on the dealing charges, since such is not a part of that substantive offense and admission thereof would be error if in fact the defendant chose to remain silent and not testify at trial. If this question has arisen before a court before, no one has been able to cite any instance. The court is of the view that the best and safest course is to deny the requested severance of the counts charging dealing and possession, but to protect the defendants from possible prejudice by adopting a two stage jury trial for each defendant. The court cannot at this time know whether the defendants will take the witness stand at trial to testify on their own behalf in the "dealing" counts trial but clearly, if they do not, it might well be error to advise the jury of their prior criminal guilt even though such

evidence is properly admissible on the possession charge.

A similar problem of the impact of evidence regarding prior convictions in a trial was considered by the Supreme Court in the case of Spencer v. Texas, 385 U.S. 554, 87 S.Ct. 648, 17 L.Ed.2d 606, reh. denied 386 U.S. 969, 87 S.Ct. 1015, 18 L.Ed.2d 125 (1967). Although the five to four decision in that case upheld the introduction of evidence regarding prior convictions where the defendant was being tried for murder and as an habitual offender, Justice Harlan made the following statement (385 U.S. at 566–568, 87 S.Ct. 655–656, *emphasis added*) which both describes the two-stage trial procedure and suggests that the Supreme Court would look favorably upon—or at least not prohibit—the use of such a procedure in cases such as the one now before this court.

"Another procedure, used in Great Britain and Connecticut, see, Coinage Offences Act, 1861, 24 & 25 Vict., c. 99; State v. Ferrone, 96 Conn. 160, 113 A. 452, requires that the indictment allege both the substantive crime and the prior conviction, that both parts be read to the defendant prior to trial, but that only the allegations relating to the substantive crime be read to the jury. If the defendant is convicted, the prior-offense elements are then read to the jury which considers any factual issues raised. * *

* * * To say that the two-stage jury trial in the English-Connecticut style is probably the fairest, as some commentators and courts have suggested, *and with which we might well agree were the matter before us in a legislative or rule-making context,* is a far cry from a constitutional determination that this method of handling the problem is compelled by the Fourteenth Amendment."

In the instant case, the court believes that four complete trials can be avoided without prejudice to the defendants or the government by using the two stage technique. Thus, for each defendant a single jury can be impaneled to hear first

**140**

the evidence relating to the dealing charges and then, after reaching a verdict, the evidence of prior conviction for possession charges. Since the evidence required to prove the dealing charges necessarily includes all or substantially all of the evidence relating to the possession charges—except the prior convictions—the jury will only need to hear the evidence once, returning verdicts in two stages. Appropriate instructions will be framed to advise the jurors of their task in each stage. In the stage of the trial covering the dealing charges, there will be no reference on voir dire or by counsel or otherwise to the possession charges nor, except for purposes of impeachment, to the prior convictions.

A separate order has been entered.