UNITED STATES of America,
Plaintiff,

v.

John O'Brien KESSLER III and Richard Paul Turner, Defendants.

No. 2–73–Cr–68.

United States District Court,
D. Minnesota,
Second Division.

July 31, 1973.

Robert G. Renner, U. S. Atty., and J. Earl Cudd, Asst. U. S. Atty., Minneapolis, Minn., for plaintiff.

Wilton Gervais, St. Paul, Minn., for defendant John O'Brien Kessler III.

Richard Leonard, St. Paul, Minn., for defendant Richard Paul Turner.

## MEMORANDUM & ORDER GRANTING SEVERANCE AND DENYING INSPECTION

DEVITT, Chief Judge.

Defendant Richard Paul Turner moves under Rule 8(b) of the Federal Rules of Criminal Procedure for separate trial and severance for misjoinder. He also moves under Rule 16(b) for discovery and inspection of certain reports, memoranda and statements in the possession of the government.

Defendant Turner was jointly indicted with John O'Brien Kessler III for violation of Title 18, United States Code, Sections 656 and 1005, misapplication of bank funds insured by the Federal Deposit Insurance Corporation and the making of false entries. In Counts I, III and V John O'Brien Kessler III is individually charged with misapplying funds of the First National Bank of New Prague of which he was then chairman of the board once on August 11 and twice on September 3, 1971. In Counts II, IV and VI Kessler is individually charged with making false entries in the books of said bank during the same time period. In the final two counts defendant Turner is charged with aiding and abetting Kessler in misapplying the funds of said bank on September 13, 1971, and in the making of a false entry in the books of said bank on September 16, 1971.

■ Rule 8(b) allows joinder of defendants "if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses." The Eighth Circuit Court of Appeals has held that where there is no allegation that transactions in a joint indictment were connected or that they were common to a conspiracy, the fact that codefendants were common participants in some of the transactions charged is an insufficient basis for joinder. Chubet v. United States, 414 F.2d 1018 (8th Cir. 1969). *See also* United States v. Franke, 331 F.Supp. 136 (D. Minn. 1971).

■ The present indictment does not charge Turner and Kessler with conspiracy to violate Sections 656 and 1005, nor does it allege that the transactions mentioned in Counts I through VI are connected in any way with the transactions involved in Counts VII and VIII. The requirements of Rule 8(b) as interpreted by the Eighth Circuit in *Chubet* have not been met in this case and joinder is, therefore, impermissible as a matter of law. *See* Ingram v. United States, 272 F.2d 567, 569 (4th Cir. 1959).

■■ Defendant also moves for an order pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure requiring the United States Attorney to permit inspection and copying of Federal Deposit Insurance Corporation reports concerning the First National Bank of New Prague and the Savage State Bank. Rule 16(b) provides that the court upon motion may permit the defendant "to inspect and copy books, papers, documents, tangible objects, buildings or places, or copies or portions thereof which are within the possession, custody or control of the government, upon a showing of materiality to the preparation of his defense and that the request is reasonable." The Rule excepts from discovery "reports, memoranda, or other internal government documents made by government agents in connection with the investigation or prosecution of the case, or of statements made by government witnesses or prospective government witnesses (other than the defendant) to agents of the government except as provided in Title 18, U.S.C. § 3500." Section 3500 contemplates that the statements of government witnesses will be released to defendant only after the witness has testified at trial. Although the affidavit of defendant's attorney raises the possibility that the rule enunciated by the Supreme Court in Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963)

may be applicable, it is our view that the prosecution is not obliged under the *Brady* rule to make pretrial disclosures of material otherwise exempt from discovery under Rule 16(b). *See* United States v. National Marketing, Inc., 306 F.Supp. 1238 (D.Minn.1969) and United States v. Wolfson, 289 F.Supp. 903 (S.D. N.Y.1968). Because the requested documents are internal government reports prepared in connection with the investigation and prosecution of this case they are exempt from production under Rule 16(b). *See* United States v. Barber, 297 S.Supp. 917 (D.Del.1969). Statements made by employees of the First National Bank of New Prague and of the Savage State Bank to federal authorities need not be produced until such employees testify at trial. 18 U.S.C. 3500.

Defendant's motion for separate trial and severance for misjoinder is granted;

Defendant's motion for discovery and inspection is denied.