**UNITED STATES of America,**
**Plaintiff,**

v.

**George GAMALDI et al., Defendants.**

**No. 74 Cr. 289.**

United States District Court,
S. D. New York.

Oct. 17, 1974.

Barbara Jones Ambler, Sp. Atty., New York City, for plaintiff.

Robert E. Goldman, Goldman, Cooperman & Levitt, New York City, for defendants.

MEMORANDUM DECISION

WERKER, District Judge.

The indictment in this case charges that defendants, former employees of Hills Supermarkets, Inc., failed to pay income tax for the years 1968 through 1971 on funds allegedly received as cash kickbacks from meat wholesalers in exchange for Hills' meat patronage. Of the twelve counts in the indictment, four pertain to each defendant, each count alleging failure to report kickback monies received in one year by one defend-

ant. None of the counts allege a conspiracy, a joint scheme, or a common transaction among the three defendants. They have moved for severance.

■ Joinder of charges against multiple defendants is controlled by Rule 8(b) of the Federal Rules of Criminal Procedure. Under Rule 8(b) the sole basis for joinder of charges is that defendants "are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses." The mere fact that similar or even identical allegations are made against each defendant does not alone establish that they were engaged in the same series of acts. United States v. Charnay, 211 F.Supp. 904 (S.D.N.Y.1962); Cupo v. United States, 123 U.S.App.D.C. 324, 359 F.2d 990, 992 (1966). *Accord,* Ward v. United States, 110 U.S. App.D.C. 136, 289 F.2d 877 (1961). In *Ward* appellant was named in a joint indictment for narcotics violations. He was named individually in three counts, his co-defendant was named alone in one count, and they were named jointly in the remaining three counts. Then Circuit Judge (now Chief Justice) Burger ruled that appellant's motion for severance had been erroneously denied:

> Thus joinder under counts 4, 5 and 6 was proper as to both Ward and Lyons, for they were alleged to have participated jointly in the September 1 transaction. But the indictment did not allege that the 7th count, against Lyons, was in any way related to the counts linking the two defendants. * * * 'Where multiple defendants are charged with offenses in no way connected, and are tried together, they are prejudiced by that very fact, and the trial judge has no discretion to deny relief.' Ingram v. United States, 4 Cir. 1959, 272 F.2d 567, 570.

*Id.* 289 F.2d at 878. *See also* United States v. Moriarty, 327 F.Supp. 1045 (E. D.Wisc.1971).

The attorney for the government points to cases holding that an allegation of participation in the same series of acts need not be made on the face of the indictment so long as the underlying facts brought out at trial satisfy Rule 8(b), i. e., Griffin v. United States, 272 F.2d 801 (5th Cir. 1960); United States v. McDaniels, 57 F.R.D. 171 (D.C.La. 1972). *But see* United States v. Moriarty, *supra,* and United States v. Harvick, 153 F.Supp. 696 (D.No.Dak.1957). However, even if the government here were to produce proof at trial that the defendants participated in a "common kickback scheme as equal partners," as it alleges in its opposing papers, such a showing would not satisfy the requirements for joinder as they have been interpreted in this circuit.

In United States v. Granello, 365 F.2d 990 (2d Cir. 1966), cert. denied, 386 U.S. 1019, 87 S.Ct. 1367, 18 L.Ed.2d 458 (1967), Judge Friendly stated: "Under Rule 8(b) it is not enough that the defendants participated in the same act or transaction or series of them; they must have engaged in the same act or series of acts 'constituting an offense or offenses.'" *Id.* at 993. There two partners in a business venture were jointly indicted for failure to file income tax returns for 1956 and 1957. Following their convictions the Court of Appeals found that they had not properly been joined for trial because the joint business activities which gave rise to their unreported income were legal ones not constituting "an offense or offenses."

■ In the case at bar, unlike *Granello,* the alleged joint activities of defendants giving rise to unreported income are illegal; they constitute offenses under state law. It is the government's contention that *Granello* should not be read to require the allegation of joint conduct amounting to a federal offense, and that the allegation of state offenses (illegal kickbacks) in this case therefore fully satisfies the joinder requirements of Rule 8(b). I cannot agree. The word "offenses" as used in section (a) of Rule 8 clearly refers to federal offenses only, for it states that two offenses or more "may be

charged in the same [obviously federal] indictment . . . if the offenses charged . . . are of the same or similar character or are based on the same act or transaction . . . ." There is no reason to assume that in part (b) of Rule 8 the word is used in a more expansive manner. The meaning in both sections is clear without the explicit insertion of the word "federal." *See* United States v. King, 335 F.Supp. 523 (S.D.Cal.1971).

In support of its contention the government argues that the case at bar is more clearly analogous to Turner v. United States, 222 F.2d 926 (4th Cir.), cert. denied, 350 U.S. 831, 76 S.Ct. 65, 100 L.Ed. 742 (1955), and to United States v. Roselli, 432 F.2d 879 (9th Cir. 1970), than to *Granello*. However in both of those cases,[1] the joint activities alleged constituted federal offenses. In *Turner* the defendants jointly falsified partnership records and filed a false federal partnership information return listing a low partnership income figure for the year. This figure was then divided equally and half reported on each of the defendants' personal federal income tax returns. In *Roselli*, as the court itself pointed out, the joint activities from which the defendants' unreported income was received constituted federal offenses: use of interstate facilities in aid of racketeering enterprises, interstate transportation of fraudulently taken securities, and conspiracy to commit these offenses.

In light of the clear wording of Rule 8(b), and of the equally succinct analysis of the rule in *Granello*, the leading case on this issue in our circuit, defendants' motion for severance must be granted.

So ordered.

---

1. Indeed, all of the cases on which the government relies to show that joinder here is proper involve joint activities which constitute federal offenses. See United States v. Manno, 118 F.Supp. 511, 514 (N.D.Ill.1954) (facts substantially similar to those of *Turner*), and Daley v. United States, 231 F.2d 123 (1st Cir. 1956) (joinder permitted because all of the defendants participated in the same business that "constituted the concluding element" of the offenses charged: failure to register with the federal government and to pay the special federal occupation tax required of those conducting lotteries.) Here, the arrangement of Hills patronage in exchange for kickbacks, singly or in partnership, is not an element of the federal offense charged.