UNITED STATES of America

v.

Charles Ray EDWARDS.

Crim. No. 88–65.

United States District Court,
W.D. Pennsylvania.

Nov. 8, 1988.

William V. Conley, Asst. U.S. Atty., Pittsburgh, Pa., for plaintiff.

Joel B. Johnston, Asst. Federal Public Defender, Pittsburgh, Pa., for defendant.

OPINION

DIAMOND, District Judge.

The defendant, Charles Ray Edwards, has moved this court for the severance of Count Three of the indictment from Counts One and Two. For the reasons set forth below, the motion will be granted.

Count One charges possession with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). Count Two charges knowing and intentional carrying of a firearm during and in relation to a drug-trafficking crime, in violation of 18 U.S.C. § 924(c)(1). Count Three charges possession of a firearm after having been previously convicted of a felony, in violation of 18 U.S.C. § 922(g)(1). Defendant argues that Count Three should be severed because the jury will be unduly prejudiced against him in determining his guilt or innocence as to Counts One and Two if the jury is apprised at the outset that he has a prior felony conviction.

In *United States v. Busic*, 587 F.2d 577 (3d Cir.1978), *rev'd on other grounds*, 446 U.S. 398, 100 S.Ct. 1747, 64 L.Ed.2d 381 (1980), the United States Court of Appeals for the Third Circuit set forth the criteria to be used by a district court when ruling on a pretrial motion to sever. The court stated:

> [T]he district court should determine whether evidence of the prior convictions would be independently admissible on the other counts. If it is determined that the convictions would not be admissible on the other counts—that were these counts to be tried alone the jury would not hear this evidence—then severance should be granted.

587 F.2d at 585 (footnote omitted). In that footnote, the court noted that such pretrial determinations may raise difficulties; however, the court stated that "if the govern-

ment chooses to join such counts, it must be prepared to justify the joinder to the trial judge by some showing that the prior convictions would be admissible even absent joinder." *Id.* at 585 n. 9.

Rather than arguing that defendant's prior conviction would be independently admissible in the trial of Counts One and Two, however, the government argues that *Busic* need not be followed because in that case the above-cited criteria are dicta since the court concluded that the failure to sever was harmless error. The government further argues that any prejudice that will result from not severing Count Three can be corrected by curative instructions.

The court, however, does not read the *Busic* decision so loosely and concludes that severance is appropriate in the present case since the government failed to provide any indication that the evidence of Edwards' prior felony conviction would be admissible for some purpose in relation to Counts One and Two.[1]

The issue remains, however, as to the appropriate procedure to be utilized once severance is granted. Our Court of Appeals in *Busic* noted that a district court had taken a "novel" approach to the problem by providing for a two-stage trial "whereby the jury, having reached a verdict on the other counts, would then proceed to consider the counts requiring proof of prior convictions." 587 F.2d at 585 (*citing United States v. Franke*, 331 F.Supp. 136 (D.Minn.1971)). However, this court believes that such a procedure raises the same possibility of prejudice as would exist if the third count were not severed. Rather than determining the guilt or non-guilt of the defendant as to Counts One and Two with knowledge of a prior felony conviction, the jury would determine the guilt or non-guilt of the defendant as to Count Three after having heard testimony relating to, and possibly convicting the defendant of Counts One and Two. Accordingly,

the court will not follow such a procedure. Instead, Count Three will be severed and tried at a time to be set by the court following the trial of this case.

An appropriate order will be entered.

---

1. Because the government did not attempt to argue that Edwards' prior felony conviction would be otherwise admissible in the trial of Counts One and Two, the court will give the government an opportunity to make such an argument immediately prior to jury selection.

If the government fails to make such an argument at that time or fails to convince the court after such an argument is made, the court's order severing Count Three from Counts One and Two will stand.