**UNITED STATES of America,
Plaintiff-Appellee,**

**v.**

**Michael BOVA, Defendant-Appellant.**

**No. 73–1340.**

United States Court of Appeals,
Fifth Circuit.

April 26, 1974.

Alvin Goodman, Miami, Fla., for defendant-appellant.

Robert W. Rust, U. S. Atty., Carol M. Anderson, Asst. U. S. Atty., Miami, Fla., for plaintiff-appellee.

Before WISDOM, COLEMAN and SIMPSON, Circuit Judges.

SIMPSON, Circuit Judge:

We review appellant's conviction on two counts of violation of federal narcotics laws. We determine that Bova was improperly joined in the indictment with a codefendant as to offenses unrelated to appellant, in violation of F.R. Crim.P. 8(b). We reverse his conviction and remand for a new trial.

I. *The Facts*

The appellant, Bova, and a codefendant, John Coccuzza, were charged in a four count indictment with unlawful possession and distribution of heroin, a Schedule I narcotic controlled substance, in violation of Title 21 U.S.C. Sec. 841(a)(1) and Title 18 U.S.C. Sec. 2. Bova and Coccuzza were charged jointly in Count I with possession of 8.3 grams of heroin on or about August 31, 1972, and in Count II with distribution of that heroin on the same date. Counts III and IV charged Coccuzza alone with possession and distribution of 25.7 grams of heroin on or about September 8, 1972.

The case against the appellant and his codefendant arose from the purchase by Agent Perez of the Bureau of Narcotics and Dangerous Drugs (BNDD) of 8.3 grams of heroin from them on August 31, 1972. Agent Perez had been contact-

ed by confidential informants, and proceeded to their home in Hollywood, Florida. There, he met with the informants and awaited the arrival of Bova and Coccuzza. The two arrived, and Agent Perez and Coccuzza engaged in a conversation concerning the sale of heroin. Coccuzza indicated that he was interested in selling one-half ounce of heroin for $500. Agent Perez responded that he was interested at that time in a smaller quantity, perhaps $200 worth. Thereupon, Coccuzza, Bova, and one of the confidential informants left in the automobile in which Bova and Coccuzza had arrived. The three returned some five minutes later, and, with Agent Perez, retreated to one of the bedrooms in the house in which the informants lived. There, Coccuzza produced a plastic bag containing heroin, indicated that it contained one-quarter of an ounce, and offered it to Agent Perez for $300. Agent Perez accepted this offer and Coccuzza handed the heroin over to him.

Perez testified that at this time Bova inquired whether Perez had any scales with him. Upon receiving a negative reply, Bova produced a small set of scales from the pocket of his jeans, took the bag of heroin, and weighed it for Perez. Agent Perez then paid Coccuzza the agreed price of $300. According to Perez, Coccuzza turned the money over to Bova as the group was leaving the bedroom where the transaction had taken place.[1]

The sale of September 8, 1972, on which Counts III and IV of the indictment were based, apparently involved only Coccuzza. The only testimony concerning this sale was elicited from a government agent during the scope of the Rule 11, F.R.Crim.P. inquiry occasioned by Coccuzza's motion to withdraw his plea of not guilty and to enter a plea of guilty at the close of Agent Perez' testimony at trial.

## II. *Proceedings Below*

The appellant and his codefendant Coccuzza were arraigned on November 16, 1972, both entering not guilty pleas. Trial was set for November 27, 1972, but was later continued to December 11, 1972, on motion of Bova's counsel filed November 20.[2] At the same time that he moved for a continuance, Bova's attorney also moved for severance of his trial from that of Coccuzza. As grounds for his motion, Bova urged, *inter alia*, that the indictment against him and his codefendant contained charges totally unrelated to Bova himself. In support of this contention, Bova's counsel submitted a brief memorandum stating that the joinder of the unrelated offenses charged against Coccuzza was in violation of Rule 8, F.R.Crim.P.[3]

The district court denied Bova's motion for severance by its order of November 22, 1972. Thereafter, on November 27, the case was transferred from the docket of the judge to whom the case had originally been assigned to that of another district judge. Simultaneously, the original judge modified his order of November 22 by an amended

---

1. At trial, Bova denied having had any scales, having weighed the heroin for Perez, or having received the $300 from Coccuzza.

2. Both Bova and Coccuzza were initially represented by the same attorney. The possibility of a conflict of interests between the two defendants caused Bova to retain separate counsel. Bova's first meeting with his new attorney was on November 15, 1972.

3. Criminal Rule 8 provides:
 (a) Joinder of offenses. Two or more offenses may be charged in the same indictment or information in a separate count for each offense if the offenses charged, whether felonies or misdemeanors or both, are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan.
 (b) Joinder of defendants. Two or more defendants may be charged in the same indictment or information if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses. Such defendants may be charged in one or more counts together or separately and all of the defendants need not be charged in each count.

order which added that the denial of the motion to sever was without prejudice to the defendant's right to renew the motion during trial. The issue of severance was not, however, thereafter raised by Bova's counsel until the filing of his motion for new trial on December 19, 1972.[4]

Early in the trial at the close of the testimony of the first government witness, Agent Perez, as to the transactions of both August 31 and September 8, Coccuzza was allowed to withdraw his pleas of not guilty and plead guilty to all four counts of the indictment. The trial proceeded as to Bova alone, and he was found guilty by a jury on Counts I and II of the indictment, the only counts in which he was mentioned. After denial of the new trial motion, judgment and concurrent sentences of Bova to five years confinement on each count, this appeal timely followed.

### III. The Issue: Joinder Under Rule 8(b), Federal Rules of Criminal Procedure

On this appeal, Bova urges that joinder of the codefendant Coccuzza in Counts III and IV of the indictment— counts alleging offenses committed by Coccuzza alone—was impermissible under Rule 8(b), F.R.Crim.P., and that failure of the trial judge to grant his motion for a severance of his trial from that of Coccuzza was prejudicial error entitling him to a new trial. Since no reported case of this court reaches this precise issue, we are guided by cases from other circuits.

We note initially that whether there has been misjoinder in a trial involving multiple defendants is governed by Rule 8(b) only; Rule 8(a) has no application in such instances. Cupo v. United States, 1966, 123 U.S.App.D.C. 324, 359 F.2d 990, 992; King v. United States, 1 Cir. 1966, 355 F.2d 700, 704; Wright, Federal Practice and Procedure, Criminal Sec. 144 (1969). As Professor Wright notes, "[i]t may well be doubted if this was the intention of the draftsmen. * * * It is a good thing, however, that Rule 8(b) has been read as independent and exclusive of Rule 8(a). The significant difference between the two subsections is that Rule 8(a) allows joinder of offenses of 'the same or similar character' and Rule 8(b) does not." Wright, *supra* at 318–19. Professor Wright, quoting the rule, points out that joinder of offenses under Rule 8(b) requires a showing that the offenses were part of "the same act or transaction or . . . the same series of acts or transactions. . . . ." *Id.* at 325. The purpose is to prevent the "cumulation of prejudice [from] charging several defendants with similar but unrelated offenses." Cupo v. United States, *supra,* 359 F.2d at 993.

In applying Rule 8(b), the courts agree almost uniformly that improper joinder is inherently prejudicial and that granting of a motion for severance, where there has been misjoinder, is mandatory and not discretionary with the district courts. This *per se* rule originated in McElroy v. United States, 1896, 164 U.S. 76, 17 S.Ct. 31, 41 L.Ed. 355. In that case, involving counts against several defendants for, *inter alia,* assault with intent to murder and arson, the Court stated the issue thus: ". . . whether counts against five defendants can be coupled with a count against part of them, or offenses charged to have been committed by all

---

4. In his motion for new trial, Bova's trial counsel, who did not, incidentally, represent Bova on appeal, alleged as error, the trial court's denial of " . . . the Motion for Severance *and its renewal immediately prior to trial*" (emphasis supplied). Aside from this bare reference, the record fails to show that the motion to sever was in fact renewed as asserted. The brief filed on behalf of the Government merely indicates that the motion was not renewed during trial. The answer to the question of renewal is unnecessary to our decision. We pursue the matter no further. See United States v. Parson, 9 Cir. 1971, 452 F.2d 1007.

at one time can be joined with another and distinct offense committed by part of them at a different time." 164 U.S. at 77, 17 S.Ct. at 31, 41 L.Ed. at 356. The Court formulated its answer as follows: ". . . joinder cannot be sustained where the parties are not the same, and where the offenses are in no wise parts of the same transaction, and must depend upon evidence of a different state of facts as to each or some of them." *Id.* at 81, 17 S.Ct. at 33, 41 L. Ed. at 357. The Court went on to state the rationale underlying the *per se* rule regarding prejudice: "It cannot be said in such case that all the defendants may not have been embarrased and prejudiced in their defense, or that the attention of the jury may not have been distracted to their injury in passing upon distinct and independent transactions." *Id.* This *per se* rule regarding prejudice has been followed without notable exception by the courts of appeal in considering allegations of misjoinder under 8(b). See e. g., United States v. Eagleston, 10 Cir. 1969, 417 F.2d 11; Chubet v. United States, 8 Cir. 1969, 414 F.2d 1018; Metheany v. United States, 9 Cir. 1966, 365 F.2d 90; King v. United States, 1 Cir. 1966, 355 F.2d 700; United States v. Spector, 7 Cir. 1963, 326 F. 2d 345; Ward v. United States, 1961, 110 U.S.App.D.C. 136, 289 F.2d 877; Ingram v. United States, 4 Cir. 1959, 272 F.2d 567.

In King v. United States, *supra,* a case of first impression in the First Circuit, Chief Judge Aldrich, as the organ of that court, analyzed the principles underlying Rule 8(b) and applied them to facts not dissimilar to those below. *King* was a transfer of narcotics case. King and one McKinney were jointly indicted in one indictment for two counts of transferring narcotics in violation of Title 26 U.S.C. Sec. 4705(a), each count alleging a separate transaction on July 14, 1964. By separate indictment, McKinney alone was charged with two other violations of Sec. 4705(a), one occurring on June 18, 1964, and one on Au-

gust 10, 1964. All transactions allegedly took place in Boston, Massachusetts. The two indictments were consolidated for a trial which resulted in King's conviction.

Noting that joinder of indictments for trial is permitted by Rule 13, F.R.Crim. P., the court recognized that the propriety of joinder must be determined according to the test of Rule 8. Judge Aldrich analyzed the competing considerations brought into play when there is a joinder of offenses or defendants—on the one hand the possibility of prejudice to the defendant(s), on the other the possibility of benefit to the court and the public, and stated: "Although the two matters are disparate and difficult to compare, the prejudice may be relatively small, compared to the benefit, and hence tolerable. Rule 8 is an attempt to set the limits of tolerance, and any joinder which does not fall within it is *per se* impermissible. [Citations omitted]." 355 F.2d at 703. Elaborating on this principle, Judge Aldrich went on to say:

It may be . . . prejudicial to try two defendants together. Because of the natural tendency to infer guilt by association, a defendant may suffer by being joined with another allegedly "bad man." Here . . . no special prejudice may in fact arise from the joinder for trial, because the proof, even if the defendant were tried alone, might properly show his association with the other individuals. * * * But to offset the prejudice where multiple defendants are being joined even though they did not engage in a joint act, such as conspiracy [citation omitted], this possibility of benefit should explicitly appear from the indictment or from other representations by the government before trial. Classic examples of such a benefit are when there is an overlapping of issues . . . or when defendants are charged with conspiracy to conceal a crime that part of their

number are charged with committing [citations omitted]. Where, however, there are no presumptive benefits from joint proof of facts relevant to all the acts or transactions, there is no "series," Rule 8(b) comes to an end, and joinder is impermissible [citations omitted]. *Id.* at 704.

The application of this test to the facts in *King* resulted in a determination that since King was not involved in the transactions with which McKinney alone was charged, he was improperly required to be tried with McKinney as to those charges. King's conviction was reversed and the case remanded for further proceedings.

 Judge Aldrich's analysis in *King* is applicable to the facts in the instant case. Here, there was no allegation, either in the indictment or, so far as appears from the record, in pretrial proceedings indicating any involvement in or relationship to the September 8th sale of heroin by Bova. There was no "series" of transactions as to Bova. The first and second counts should not have been joined for trial with the third and fourth counts of the indictment involving Coccuzza alone. Bova's counsel prior to trial timely sought a severance from Coccuzza citing Rule 8(b). It was error to deny severance. We think that there is no substance in the government's contention that failure to renew the motion constituted a waiver of Bova's right to object on appeal to the joinder. While motions for severance for improper joinder may indeed be and often are renewed during trial, such motions are properly filed prior to the beginning of trial. United States v. Parson, 9 Cir. 1971, 452 F.2d 1007. Renewal is not necessary to preserve the adverse ruling for appellate review.

The judgment of guilty as to Bova on Counts I and II of the indictment is reversed and this cause is remanded to the district court for further proceedings consistent herewith.

Reversed and remanded.