UNITED STATES of America, Plaintiff-Appellee,

v.

Don MARIONNEAUX, Hugh Marionneaux, Harold Sykes and Ben Trantham, Defendants-Appellants.

No. 74–3492.

United States Court of Appeals, Fifth Circuit.

June 19, 1975.

---

1. So did the United States Supreme Court, 1974, 419 U.S. 966, 95 S.Ct. 229, 42 L.Ed.2d 181.

James A. McPherson, New Orleans, La., for defendants-appellants.

Donald E. Walter, U. S. Atty., Shreveport, La., Stephen A. Mayo, Asst. U. S. Atty., Baton Rouge, La., James D. Carriere, Asst. U. S. Atty., New Orleans, La., for plaintiff-appellee.

Before WISDOM, SIMPSON and RONEY, Circuit Judges.

RONEY, Circuit Judge:

Don Marionneaux, Hugh Marionneaux, Harold Sykes and Ben Trantham appeal their convictions under an indictment charging the brothers Marionneaux in Count I and Sykes and Trantham in Count II with separate conspiracies to obstruct justice in violation of 18 U.S.

C.A. § 371. Defendants assert two meritorious arguments for reversal: *first,* that a severance should have been granted because the indictment charged separate crimes against separate defendants, improper under Rule 8, F.R.Crim.P; and *second,* that the district court erroneously instructed the jury, over defendants' objection, that once the existence of a conspiracy is shown, only "slight evidence" is required to connect a particular defendant with the conspiracy. Accordingly, we reverse.

On October 9, 1973, the Federal Grand Jury for the Middle District of Louisiana returned two counts of an indictment against eleven defendants for conspiracies to obstruct justice. Although each conspiracy had as its alleged objective interference with the criminal prosecution of Edward G. Partin, the manner of interference was different in each case and, except for Partin as a common defendant, the conspirators were all different in each count.

Count I charged that two of the four defendants here, Hugh Marionneaux and Don Marionneaux, together with Edward G. Partin, Jerry Thomas, Jeffrey Roy Brasseaux, Joseph Green and Jerry Millican conspired with each other and with unindicted co-conspirator Richard Baker and other unknown parties to violate 18 U.S.C.A. § 1503. Count I defined the objects of the conspiracy to be the obstruction of justice by supplying sustenance and transportation to Richard Baker in order (1) to prevent his appearance, under a subpoena, before the Federal Grand Jury in the Eastern District of Louisiana and (2) to insure his false testimony as a subpoenaed witness in a criminal case pending in the United States District Court for the Southern District of Texas in which Edward Partin was the defendant. Count I further charged defendants with committing one or more of eighteen overt acts to effect the objects of the conspiracy.

Count II of the indictment charged that the other two of the four defendants here, Harold Sykes and Ben Trantham, together with Edward G. Partin, Jack P. F. Gremillion, Jr. and Crockett Carleton conspired with each other and with unindicted co-conspirators, Claude W. Roberson, Mitchell Husser and other unknown parties, to violate 18 U.S.C.A. § 1503. Count II delineated the objects of that conspiracy to be the obstruction of justice by persuading Claude W. Roberson, a subpoenaed witness, not to testify in the Partin criminal case and by rendering sustenance and transportation to Roberson to avoid his appearance as a witness at the Partin trial. Count II further charged defendants with committing one or more of seven overt acts to effect the objects of the conspiracy.

After pretrial severance of the other defendants, a motion to sever Count I of the indictment from Count II was filed by the remaining defendants, Hugh Marionneaux, Don Marionneaux, Harold Sykes, Ben Trantham, Crockett Carleton and Edward Partin. Defendants asserted the conspiracies of Counts I and II to be separate schemes, not subject to joinder in a single indictment under Rule 8(a), F.R.Crim.P. Defendants alleged that Partin was the only defendant common to both counts and that, with or without Partin joined as a defendant, the overlapping evidence of each separate conspiracy would prejudicially influence the jury and subject the other defendants to the risk of conviction upon evidence wholly unrelated to the accusations against them. The district court denied defendants' motion to sever, but effectively severed Partin from the trial by granting a change of venue from the Eastern to the Western District of Louisiana to Sykes, Trantham, the brothers Marionneaux, and Crockett Carleton. Partin did not move for a change of venue. He was not tried with the others.

Following a five day trial, the jury found all but Crockett Carleton guilty. Defendants' motions for judgment of acquittal or for new trials were denied. Each was sentenced to imprisonment for three years.

**1248**

*Misjoinder*

▪ Rule 8, F.R.Crim.P., governs the joinder of offenses and the joinder of defendants in the same indictment. Improper joinder under Rule 8 is inherently prejudicial and the granting of a motion for severance, where there has been misjoinder, is mandatory and not discretionary with the district court. United States v. Bova, 493 F.2d 33 (5th Cir. 1974). Thus, misjoinder under Rule 8 is a matter of law, completely reviewable on appeal. Rule 8 is thus unlike Rule 14 where, although properly joined, defendants may obtain separate trials on a showing of prejudice. Rulings under Rule 14 are reviewable only for abuse of discretion. Tillman v. United States, 406 F.2d 930, 933 n. 5 (5th Cir.), vacated on other grounds, 395 U.S. 830, 89 S.Ct. 2143, 23 L.Ed.2d 742 (1969).

Rule 8, F.R.Crim.P., is divided into two subsections. Subsection (a) enumerates offenses which may be joined in one indictment or information:

> (a) Joinder of Offenses. Two or more offenses may be charged in the same indictment or information in a separate count for each offense if the offenses charged, whether felonies or misdemeanors or both, are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan.

Subsection (b) provides for the joinder of two or more defendants in the same indictment or information under certain circumstances:

> (b) Joinder of Defendants. Two or more defendants may be charged in the same indictment or information if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses. Such defendants may be charged in one or more counts together or separately and all of the defendants need not be charged in each count.

▪ The presence of multiple defendants in the instant case invokes the pro-visions of subsection (b) of Rule 8, F.R. Crim.P., United States v. Bova, *supra*; Cupo v. United States, 123 U.S.App.D.C. 324, 359 F.2d 990 (1966), cert. denied, 385 U.S. 1013, 87 S.Ct. 723, 17 L.Ed.2d 549 (1967); 8 Moore's Federal Practice § 8.06[1] (2d ed. 1975). Although Counts I and II of the indictment under scrutiny charge offenses of the "same or similar character," which might be joinable under subsection (a), the identity or similarity of the character of offenses is not a permissible basis for the joinder of defendants under subsection (b). To be joined as defendants in the same indictment under Rule 8(b), Sykes, Trantham, and the brothers Marionneaux must be alleged to have participated (1) in the same act or transaction or (2) in the same series of acts or transactions constituting an offense or offenses.

Counts I and II of the indictment charge two separate conspiracies to obstruct justice. The indictment, therefore, does not allege that defendants participated in the "same act or transaction." On appeal, the Government concedes that the conspiracies are separate, but argues that joinder was nevertheless proper because the two conspiracies were "in the same series of acts or transactions constituting an offense or offenses." Such is not the case.

▪ A "series" of acts under Rule 8(b), F.R.Crim.P., is something more than "similar" acts. King v. United States, 355 F.2d 700, 703 (1st Cir. 1966). In the case at bar, there are only three links between the conspiracy charged in Count I and that alleged in Count II: (1) the presence of Edward G. Partin as a defendant; (2) the allegation that Jerry Millican, a Count I defendant, participated in one overt act of Count II; and (3) the fact that both conspiracies were, in part, schemes to prevent witnesses from testifying against Partin. Absent these factors, the conspiracies have different participants and completely different overt actions. The Government admits as much in its brief on appeal, when trying to demonstrate that the jury could keep the two conspiracies sep-

arate and consider each on its own evidence:

> A review of the facts and record shows that the offenses were clearly distinguishable, each dealing with a particular witness and tracing completely different physical locations, handled by different co-defendants.

Where, as in the case *sub judice,* there is no substantial identity of facts or participants between the two offenses, there is no "series" of acts under Rule 8(b). *Cf.* Robinson v. United States, 93 U.S.App. D.C. 347, 210 F.2d 29 (1954). We hold, therefore, that joinder of defendants was impermissible under Rule 8(b), F.R. Crim.P., and that the district court committed reversible error in denying defendants' motion to sever.

■ We note that defendants' pretrial motion to sever Counts I and II of the indictment was premised on Rule 8(a). Because there has been some misapplication of subsection (a) to cases involving the joinder of multiple defendants, *see generally* 8 Moore's Federal Practice § 8.06[1] (2d ed. 1975), defendants' failure to move for severance on the proper basis of subsection (b) is not fatal to their cause on appeal.

We reverse and remand for separate trials on each count.

### *"Slight Evidence" Instruction*

Over defendants' objection, the district court instructed the jury that

> [o]nce the existence of the agreement or common scheme or conspiracy is shown, however, "slight evidence" is all that is required to connect a particular defendant with the conspiracy.

The court reporter underlined "slight" in the transcript. Defendants argue that this reflects the emphasis put upon this word by the trial court.

In the recent case of United States v. Brasseaux, 509 F.2d 157 (5th Cir. 1975), this Court examined an identical "slight evidence" instruction to determine if the use of such an instruction constituted plain error under Rule 52(b), F.R.Crim.P. Citing 1 Devitt & Blackmar, Federal

Jury Practice and Instructions § 29.05, at 280 (2d ed. 1970, 1974 Supp.), the *Brasseaux* panel agreed that the challenged "slight evidence" language was erroneous and should not be used in a jury charge. The Court held in *Brasseaux,* however, that the erroneous instruction did not constitute plain error under Rule 52(b), F.R.Crim.P., in that case, no objection to the instruction having been made.

■ In the case at bar, defendants repeatedly objected to the use of the "slight evidence" language. Under *Brasseaux,* the district court's use of the "slight evidence" instruction over defendants' objection was reversible error.

### *Other Arguments for Reversal*

■ Defendants' argument that § 1503 does not involve interference with a witness before the grand jury, and therefore, that the facts alleged in the indictment do not state an offense under § 1503 is without merit. In pertinent part, Count I of the indictment charges defendants with conspiring to violate 18 U.S.C.A. § 1503 by influencing and aiding one Richard Baker to avoid testifying before a federal grand jury pursuant to a subpoena. A person who prevents or endeavors to prevent a witness under subpoena from testifying before a federal grand jury obstructs or endeavors to obstruct the due administration of justice in violation of 18 U.S.C.A. § 1503. See United States v. Knohl, 379 F.2d 427 (2nd Cir.), cert. denied, 389 U.S. 973, 88 S.Ct. 472, 19 L.Ed.2d 465 (1967); Cole v. United States, 329 F.2d 437 (9th Cir.), cert. denied, 377 U.S. 954, 84 S.Ct. 1630, 12 L.Ed.2d 497 (1964). *See also* United States v. Perlstein, 126 F.2d 789 (3rd Cir.), cert. denied, 316 U.S. 678, 62 S.Ct. 1106, 86 L.Ed. 1752 (1942).

■ Defendants' assertion that 18 U.S.C.A. § 1503 is unconstitutionally vague as applied to Count I of the indictment is inextricably bound to their argument that the facts concerning a grand jury witness alleged in the indictment do not state an offense under § 1503 and is without merit.

**1250**

The final contention on appeal is that the district court erred in failing to direct a partial verdict of acquittal in favor of Hugh Marionneaux on Count I. The substance of this argument is that Marionneaux is entitled to acquittal as a matter of law because he joined the conspiracy after it had already achieved its first alleged objective, the prevention of Baker's appearance before the grand jury. He does not assert that the second object of the conspiracy, to insure Baker's false testimony as a subpoenaed trial witness, had been attained by the time he was shown to have joined the conspiracy.

In United States v. Brasseaux, 509 F.2d 157 (5th Cir. 1975), Jeffrey Roy Brasseaux, a co-indictee of Hugh Marionneaux in Count I, made substantially the same argument. Stating that Brasseaux's contention was grounded in a misapprehension of conspiracy law, this Court explained the charge against Brasseaux, which is also the charge against Hugh Marionneaux:

> The indictment did not charge Brasseaux with personal participation in the two alleged incidents of obstruction of justice. It charged him with willfully and knowingly joining with other conspirators whose purpose comprised those acts. . . . We find no warrant in the evidence for appellant's suggestion that he joined no more than a "lesser" conspiracy that somehow slips through the interstices of the government's indictment net.

509 F.2d at 160.

▮▮▮ Once having entered into a common plan with other conspirators, Marionneaux was bound by all acts committed by them in furtherance of the scheme, including those acts committed without his knowledge before he joined the conspiracy. United States v. Brasseaux, 509 F.2d 157 (5th Cir. 1975); United States v. Wilson, 500 F.2d 715 (5th Cir. 1974); United States v. McGann, 431 F.2d 1104 (5th Cir. 1970), cert. denied, 401 U.S. 919, 91 S.Ct. 904, 27 L.Ed.2d 821 (1971). Viewing the circumstantial evidence in the light most favorable to the Government, reasonable

minds could conclude that the evidence is inconsistent with the hypothesis of Hugh Marionneaux's innocence. United States v. Edwards, 488 F.2d 1154 (5th Cir. 1974); United States v. Jones, 486 F.2d 1081 (5th Cir. 1973); United States v. Martinez, 486 F.2d 15 (5th Cir. 1973); United States v. Squella-Avendano, 478 F.2d 433 (5th Cir. 1973); United States v. Warner, 441 F.2d 821 (5th Cir.), cert. denied, 404 U.S. 829, 92 S.Ct. 65, 30 L.Ed.2d 58 (1971).

Reversed and remanded.