**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Arthur Carol STRAND, Defendant-Appellant.**

**No. 74–4096.**

United States Court of Appeals, Fifth Circuit.

Aug. 15, 1975.

**712**

Robert R. Case, Jr., Harlingen, Tex. (court-appointed), for defendant-appellant.

Anthony J. P. Farris, U. S. Atty., James R. Gough, Jr., Asst. U. S. Atty., Houston, Tex., for plaintiff-appellee.

Before CLARK, Associate Justice,[*] and GOLDBERG and AINSWORTH, Circuit Judges.

PER CURIAM:

The sole question involved on this appeal is the refusal of the District Judge to sever the trial of the appellant, Arthur Carol Strand, from that of his codefendant, Alva William Allen. Strand and Allen were included in a ten-count indictment with ten other persons alleging a scheme to steal two trucks (a 1974 Kenworth and a 1964 Peterbilt) in Oklahoma City, Oklahoma, and transport them to Edinburg, Texas, for the purpose of sale and eventual delivery into Mexico. While it appears, as the Government admits, that the activities of both Strand and Allen were peripheral to the principal illegal enterprise, each of them contributed an important part to its success. Strand furnished the shop in Oklahoma City where the Kenworth truck was painted, equipped with new mud flanges and lights, and stored, while waiting its transport to Edinburg. On the other end of the journey, Allen provided the storage in his garage near Edinburg for both the Kenworth and the Peterbilt trucks. For their part in the illegal enterprise Strand and Allen were paid $300 and $200, respectively, out of the overall payment of $6000 received for the two stolen trucks.

1. *The Indictment and Trial*:

The indictment was drawn to cover all the various stages of the alleged conspiracy. Count One charged nine of the defendants, including appellant Strand, with conspiracy to transport the stolen Kenworth truck in interstate commerce in violation of 18 U.S.C. § 371 and § 2312. Count Two charged seven of the defendants, including appellant Strand,

* Of the Supreme Court, of the United States, Retired, sitting by designation.

with transporting the Kenworth truck in interstate commerce from Oklahoma City to Edinburg, knowing it to be a stolen vehicle, in violation of 18 U.S.C. § 2312. Defendant Allen was first named in Count Three which charged eight of the defendants, but not appellant Strand, with conspiring to receive and conceal the Kenworth truck, in violation of 18 U.S.C. §§ 2313 and 371. Count Four charged Allen and two other defendants, Garcia and Kiefer, with receiving and concealing the Kenworth truck while it was moving in interstate commerce in violation of 18 U.S.C. § 2313. Count Five charged defendant Kiefer alone with transporting the Kenworth truck in foreign commerce from Edinburg to Progreso, Tamaulipas, Mexico, in violation of 18 U.S.C. § 2312. Count Six charged seven of the defendants, including appellant Strand, with conspiracy to transport the stolen Peterbilt truck in interstate commerce in violation of §§ 371 and 2312. Count Seven charged seven of the defendants, excluding both appellant Strand and defendant Allen, with transporting the Peterbilt truck interstate from Oklahoma City to Edinburg, knowing it to be a stolen vehicle, in violation of 18 U.S.C. § 2312. Count Eight charged nine of the defendants, including defendant Allen but excluding appellant Strand, with conspiracy to receive and conceal the stolen Peterbilt truck, moving in interstate commerce in violation of 18 U.S.C. § 371 and 2313. Count Nine charged three of the defendants, including Allen but excluding appellant Strand, with receiving and concealing the Peterbilt truck in violation of 18 U.S.C. § 2313; and the final count, Count Ten, charged defendant Kiefer alone with transporting the Peterbilt truck in foreign commerce from Edinburg to Progreso, knowing it to have been stolen, in violation of 18 U.S.C. § 2312.

By the time of the trial, seven of the defendants had pleaded guilty on Count One; three had all the charges against them dismissed. Count Six, the count charging Strand and six other defendants of conspiracy to transport the stolen Peterbilt truck in interstate commerce was dismissed on the Government's motion. The guilty pleas and dismissals left only two conspirators for trial, appellant Strand and defendant Allen. Strand faced charges involving the Kenworth truck on Counts One and Two of the conspiracy indictment, while Allen faced charges involving the Kenworth truck on Counts Three and Four and charges involving the Peterbilt truck on Counts Eight and Nine. Only the dismissed Count Six had alleged any involvement by Strand with the Peterbilt truck. After the dismissal of Count Six, Strand moved for a severance under F.R. Cr.P. 14. The motion was denied and the case went to trial before a jury as to Strand and Allen. The appellant was found guilty on Counts One and Two; Allen on Counts Four and Nine. Strand received a three-year concurrent sentence on each count.

2. *The Question of Joinder*:

The trial court refused to grant the motion to sever Strand's case, first, because the motion came too late, and, second, because appropriate cautionary instructions could cure any prejudice or confusion on the part of the jury. We find that Strand's motion did not come too late in light of the tardy dismissal of Count Six against Strand. We, therefore, reach the merits of the claim.

Strand and Allen were involved in the same transaction with reference to the Kenworth truck; appellant's role was to expedite its transport from Oklahoma City to Edinburg, while Allen's role was to conceal the truck after it reached Edinburg. This nexus remained between Strand and Allen despite the dismissal of Count Six. It appears to us that, although Strand and Allen were charged with separate crimes, the series of transactions involving the Kenworth truck were quite sufficiently interrelated and intertwined as to justify a joint trial. *See United States* v. *Bova*, 493 F.2d 33, 36 (5th Cir. 1974) citing with approv-

al *King* v. *United States,* 355 F.2d 700 (1st Cir. 1966). The *King* case seems to us on all fours with the instant case. In *King* the court held that: "when there is an overlapping of issues, as, for example, when some defendants are charged with transporting stolen goods in interstate commerce, and others are charged with receiving the goods, so stolen and transported," joinder is legally permissible. Strand insists that Counts Eight and Nine, involving the Peterbilt truck and not naming him, showed a lack of nexus between him and Allen, especially after his dismissal from Count Six involving the Peterbilt truck. This lack of nexus regarding the Peterbilt truck, appellant contends, required his severance from trial with Allen, citing *United States* v. *Eagleston,* 417 F.2d 11 (10th Cir. 1969). But, as we have indicated, the nexus between Strand and Allen still remained in the charges involving the Kenworth truck. The Government says further that the dismissal of the motion to sever is governed by F.R.Cr.P. 14, which both requires a showing of prejudice which is lacking here, *United States* v. *Edwards,* 488 F.2d 1154 (5th Cir. 1974) and involves in its determination an exercise of discretion by the court. We agree.

The facts do not in the end seem as complex as they first appeared. The respective roles of Strand and Allen as to the Kenworth truck are clear: Strand took care of the truck at one end of the Oklahoma City-Edinburg scheme, and Allen took care of it at the other end. The direct testimony implicating each of them in the same illegal transaction is beyond question. The jury, as revealed by its acquittal of defendant Allen on two of the counts, was not confused as it is alleged. We conclude that there was no prejudice to Strand from the refusal to sever his case. Finally, we cannot say that the trial court abused its discretion in the matter and therefore the judgment is affirmed.