EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* FÉLIX MAYA PÉREZ, RUBÉN MERCADO VÉLEZ y CARMEN MORALES RIVERA, acusados y apelantes.

Número: CR-69-170 Resuelto: 20 de abril de 1971

824

*Yamil Galib Frangie,* abogado de los apelantes; *Gilberto Gierbolini, Procurador General,* y *Federico Rodríguez Gelpí, Procurador General Auxiliar,* abogados de El Pueblo.

EL JUEZ ASOCIADO SEÑOR DÁVILA emitió la opinión del Tribunal.

Contra tres personas se radicaron tres acusaciones separadas por infringir la Ley de la Bolita por hechos alegadamente cometidos en tres ocasiones distintas, en tres sitios diferentes. (¹) El juez determinó que los tres casos se verían conjuntamente.

Se expresó así al hacer esa determinación:

"La Regla 89 de las Reglas de Procedimiento Criminal de Puerto Rico dispone que el Tribunal podrá ordenar que dos o

_____

(¹) (a) En el caso contra Rubén Mercado Vélez se alegó que los hechos ocurrieron el 1 de octubre de 1968 en la parte de atrás de un negocio llamado El Flamboyán, en Cabo Rojo.

(b) En el caso contra Carmen Morales Rivera se alegó que los hechos ocurrieron el 2 de septiembre de 1968 frente a la residencia de la acusada en el Barrio Leguísamo, de Mayagüez.

(c) En el caso contra Félix Maya Pérez se alega que los hechos ocurrieron el 5 de octubre de 1968 frente al negocio El Flamboyán, a las 12:15 P.M. en Cabo Rojo.

más acusaciones o denuncias sean vistas conjuntamente si los delitos y los acusados, si hubiere más de uno, pudieron haber sido unidos en una sola acusación o denuncia. El proceso se seguirá como si se tratare de una sola acusación o denuncia. El Tribunal ordena que estos casos se vean conjuntamente de no ser que alguno de los acusados o la prueba del fiscal pueda ser conflictiva en cuanto a la defensa de alguno de ellos."

La defensa objetó y fundó su objeción en los siguientes términos:

"La defensa se opone a que los casos se vean conjuntamente. Entiendo que esa regla no es aplicable a una situación como esta de tres ciudadanos entre quienes no existe conexión alguna, acusados del mismo delito pero en fechas distintas, en lugares y ocasiones distintas, descansando en distintos tipos de prueba y distintas teorías de defensa. Cada ciudadano tiene derecho a que su caso se vea por sí mismo separado."

■ La inclusión de varios acusados en una sola acusación, así como la celebración conjunta de varios casos contra distintos acusados, tiene el propósito de acelerar la administración de la justicia. *Daley* v. *United States*, 231 F.2d 123–125 (1st Cir. 1956).

■ Las Reglas 37 y 89 de las de Procedimiento Criminal de 1963, establecen las normas a seguir para la consolidación de acusaciones. La 37(b) reglamenta la inclusión de varios acusados en una acusación. ([2]) La 89 establece cuándo puede celebrarse conjuntamente la vista de dos o más acusaciones. ([3])

---

([2]) La Regla 37(b) dispone:

"En la misma acusación o denuncia se podrán incluir dos o más acusados si se les imputare el haber participado en el mismo acto o transacción o en la misma serie de actos o transacciones, constitutivos del delito o delitos imputados. Se podrá incluir a dichos acusados en uno o más cargos conjunta o separadamente, y no se tendrá que incluir a todos los acusados en cada cargo."

([3]) La Regla 89 dispone:

"El tribunal podrá ordenar que dos o más acusaciones o denuncias sean vistas conjuntamente si los delitos y los acusados, si hubiere más de uno, pudieron haber sido unidos en una sola acusación o denuncia. El proceso se seguirá como si se tratare de una sola acusación o denuncia."

Estas dos reglas corresponden a las Reglas 8 y 13 de las de Procedimiento Federal. Incorporaron la práctica prevaleciente en esa jurisdicción, *Metheany* v. *United States*, 365 F.2d 90 (9th Cir. 1966). Los tribunales de esa jurisdicción han sostenido que ambas reglas se complementan y que deben ser consideradas conjuntamente. *King* v. *United States*, 355 F.2d 700 (1st Cir. 1966); 1 Wright, *Federal Practice and Procedure*, sec. 212 (1969). Se ha sostenido que sólo procede la celebración de juicios conjuntos si los actos imputados en las acusaciones podían haber sido incluidos en una sola acusación. *Spear* v. *United States*, 216 F.2d 905 (1st Cir. 1954); *King* v. *United States*, supra; 8 Moore's *Rules of Criminal Procedure*, sec. 1302.

 Incluir a más de una persona en una acusación así como celebrar conjuntamente la vista de varias acusaciones contra distintas personas, es beneficioso para la sociedad que reclama una justicia rápida, pero puede, por otro lado, acarrearle perjuicios a los acusados. Si el perjuicio es mínimo, debe ceder ante el beneficio que representa la vista conjunta, en tiempo y dinero. Pero no debe llevarse a extremos que puedan perjudicar los derechos fundamentales de una persona acusada de delito público. Las Reglas 37 y 89 tienen el propósito de reglamentar esta situación de tal suerte que, sin perjudicar los derechos de los acusados, se pueda aligerar la administración de la justicia. Así, si las acusaciones contra dos o más personas surgen de un mismo evento o transacción o de una serie de eventos o transacciones, las reglas autorizan la inclusión de varios acusados en la misma acusación (Regla 37(b)) o la vista conjunta de varias acusaciones contra distintas personas (Regla 89). Ahora bien, lo que ninguna de estas dos reglas autoriza es la vista conjunta de varios casos contra distintas personas por hechos que no tienen relación alguna entre sí. Si bien es verdad que los tribunales tienen discreción para determinar los casos que pueden consolidarse para vista, su discreción no puede traspasar los

límites de lo autorizado por las reglas antes citadas. *District of Columbia* v. *Hunt*, 163 F.2d 833, 836 (D.C. Cir. 1947).

La Corte Suprema de los Estados Unidos consideró esta cuestión en *McElroy* v. *United States*, 164 U.S. 76, 81 (1896), precedente que ha servido de norma a los dictámenes posteriores de otros tribunales en la jurisdicción federal. Los hechos del caso ante el Supremo Federal eran los siguientes: Cinco personas fueron acusadas de asalto e incendio por hechos ocurridos el 1ro. de mayo de 1894. Tres de estos cinco fueron acusados separadamente de incendio el 16 de abril anterior. La corte de instancia ordenó la vista conjunta de ambos casos y el Tribunal Supremo revocó.

En *Ingram* v. *United States*, 272 F.2d 567 (4th Cir. 1959), el Juez Sobeloff, luego de citar del caso de *McElroy*, expresa:

"En otras palabras, cuando varias personas son acusadas de delitos en forma alguna relacionados entre sí y sus juicios se les celebran conjuntamente, sufren perjuicio por ese solo hecho, y el juez que preside la vista no tiene discreción alguna para denegarle la celebración de una vista separada."

El caso de *Ward* v. *United States*, 289 F.2d 877 (D.C. Cir. 1961), presenta una situación de hechos similar al caso de autos. Richard Ward fue acusado y procesado por violar la ley de narcóticos federal. Le imputaron seis cargos en una misma acusación. Su caso fue visto conjuntamente con el de Curtiss Lyons, quien fue acusado conjuntamente con Ward en los cargos 4, 5 y 6 por una venta de narcóticos alegadamente llevada a cabo el 1ro. de septiembre de 1959. Lyons no fue acusado de los cargos 1, 2 y 3 que imputaban a Ward haber llevado a cabo una venta el 31 de julio de 1959. Lyons fue acusado también de una violación de la ley de narcóticos federal ocurrida el 11 de diciembre de 1959 y que era el cargo 7 de la acusación. Este cargo se imputó solamente a Lyons y no tenía relación alguna con la infracción del 31

de julio. Resumiendo: los cargos 1, 2 y 3 se relacionaban con Ward. Los cargos 4, 5 y 6 con Ward y Lyons. El cargo 7 contra Lyons solamente. No se alegó conspiración alguna. Ward pidió que su caso se viera separadamente. El juez que presidió la vista lo negó. Lyons fue absuelto del cargo 7 pero convicto de los cargos 4, 5 y 6. Ward fue convicto de los 6 cargos que contra él se alegaron. El gobierno sostuvo en apelación que la absolución de Lyons en el cargo 7 demostraba que Ward no se perjudicó porque los casos se vieran conjuntamente. Al resolver la cuestión, expresó el Juez Presidente del Tribunal Supremo de los Estados Unidos, entonces sirviendo en la Corte de Apelaciones para el Distrito de Columbia, que cuando distintas personas eran acusadas de diferentes delitos en forma alguna conectados entre sí, sufren perjuicio al celebrarse conjuntamente la vista de sus casos, y el juez que preside la vista no tiene discreción alguna para negarle su solicitud de que se vea separadamente. Al mismo efecto: *King* v. *United States*, 355 F.2d 700 (1st Cir. 1966); *United States* v. *Eagleston*, 417 F.2d 11 (10th Cir. 1969); *Chubert* v. *United States*, 414 F.2d 1018 (8th Cir. 1969); *Ingram* v. *United States*, 272 F.2d 567 (4th Cir. 1959); Am. Bar Ass'n. Joinder and Severance, Minimum Standards of Criminal Justice (Approved Draft 1968); Nota: *Joinder of Defendants in Criminal Prosecutions*, 42 N.Y.U. L. Rev. 513 (1967); Nota: *Criminal Trial Joinder*, 74 Yale L.J. 553 (1965).

El Juez Holtzoff en *United States* v. *Welsh*, 15 F.R.D. 189, 190, (D.C.D.C. 1953), expuso la razón fundamental y básica para la existencia de la norma que hemos dejado expuesta: el evitar la celebración de juicios en masa. A ese efecto expresó:

"Pero la primera oración de la Regla 8 (b) limita la acumulación de acusados en la misma acusación sólo en situaciones donde se alega que ellos han participado en el mismo evento o transacción, o en la misma serie de eventos o transacciones que

constituyen un delito o delitos. En otras palabras, delitos distintos, no relacionados entre sí, que no surgen de la misma serie de transacciones no pueden acumularse en una sola acusación en donde dos o más personas son acusadas. Hay una buena razón para esta restricción. No es una limitación técnica. El propósito es evitar la celebración de juicios en masa."

Véase además *Kotteakos* v. *United States*, 328 U.S. 750, 772 (1946).

Visto el resultado a que hemos llegado es innecesario considerar los otros apuntamientos.

Por todo lo anteriormente expuesto *se revoca la sentencia apelada y se devolverá el caso para la celebración de juicios separados a cada uno de los apelantes.*

El Señor Juez Presidente Interino emitió una opinión concurrente por separado.

—O—

Voto Concurrente del Juez Presidente Interino, Señor Pérez Pimentel, con el cual está conforme el Juez Asociado Señor Ramírez Bages y, en parte, el Juez Asociado Señor Rigau.

San Juan, Puerto Rico, a 20 de abril de 1971

Concurro en el resultado a que llega el Tribunal porque la revocación de la sentencia y la orden para la celebración de un nuevo juicio es una admonición a los señores jueces del Tribunal de Primera Instancia para que observen las disposiciones de la Regla 89 de Procedimiento Criminal en la consolidación de casos para vista. Cuando se infrinja dicha regla en casos vistos ante jurado, el error reviste tal gravedad, que la revocación de la sentencia puede considerarse automática, ya que al seguirse el proceso como si se tratara de una sola acusación o denuncia, se privaría a los acusados de ciertos derechos que las leyes les reconocen en el trámite procesal. Sin embargo, cuando se trata de casos vistos ante

tribunal de derecho, la situación puede variar. He sostenido en ocasiones anteriores que la comisión de un error no conlleva automáticamente la revocación de la sentencia, aun cuando el error sea de categoría constitucional, si el mismo no ha lesionado derechos fundamentales del acusado. Aunque sigo sustentando el mismo criterio, por las razones expresadas al principio, no considero necesario analizar este caso a la luz de dicho principio.