ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IX

| EL PUEBLO DE PUERTO RICO<br><br>Recurrido<br><br><br>v.<br><br><br><br>LUIS A. CAMPOS COLÓN<br><br>Peticionario | KLCE202500401 | *Certiorari*<br>procedente del Tribunal de Primera Instancia, Sala Superior de Ponce<br><br>Casos Núm.:<br>J1VP202500380 al<br>J1VP202500385<br><br>Sobre:<br>Art. 93A Código Penal<br>Art. 93A Tent. Código Penal<br>Art. 6.05 Ley 168-2019<br>(2 casos)<br>Art. 6.14A Ley 168-2019<br>(2 casos) |
| --- | --- | --- |

Panel integrado por su presidente, el Juez Rodríguez Casillas, el Juez Marrero Guerrero, el Juez Campos Pérez y el Juez Sánchez Báez

Campos Pérez, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 30 de abril de 2025.

Comparece la parte peticionaria, el señor Luis A. Campos Colón (señor Campos Colón o Peticionario) mediante un recurso discrecional de *certiorari.* Solicita la revocación de la *Resolución* emitida y notificada el 25 de marzo de 2025 por el Tribunal de Primera Instancia, Sala Superior de Ponce (TPI). En el referido dictamen, el TPI declaró Ha Lugar la *Moción en solicitud de consolidación de casos* instada por la parte recurrida, el Pueblo de Puerto Rico.

Una vez ponderadas las alegaciones de la parte peticionaria y el Derecho aplicable, eximimos a la parte recurrida de presentar su alegato, por virtud de la Regla 7 (B)(5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII–B, R. 7 (B)(5). Al amparo de la norma procesal, este foro revisor tiene la facultad de prescindir de escritos en cualquier caso ante su consideración, con el propósito de lograr su más justo y eficiente despacho. Anticipamos la denegación del auto de *certiorari.*

Número Identificador

RES2025_____

**I.**

El 6 de mayo de 2023, el Pueblo de Puerto Rico denunció en ausencia al señor Campos Colón por hechos ocurridos en Santa Isabel, en horas de la noche, el 22 de abril de 2023, el 1 y el 3 de mayo de 2023. Imputó tres violaciones a la Ley 54 de 15 de agosto de 1989, "Ley para la Prevención e Intervención con la Violencia Doméstica", 8 LPRA sec. 601 *et seq.* (Ley 54).[1]

> **J1VP202500358** (Delito Grave)
> Hechos: 22 de abril de 2023
> Art. 3.3 Ley 54, *Maltrato mediante amenaza*, 8 LPRA sec. 633.
>
> … ilegalmente y con la intención criminal, incurrió en acto de amenaza contra la Sra. Jennirma Vega Maldonado, quien fue su pareja consensual, consistente en que mediante llamada telefónica le dijo: "TE VOY A MATAR, ME VOY A VENGAR POR METERME PRESO".
>
> **J1VP202500359** (Delito Grave)
> Hechos: 1 de mayo de 2023
> Art. 3.1 Ley 54, *Maltrato*, 8 LPRA sec. 631.
>
> … ilegalmente y con la intención criminal, emple[ó] fuerza física para causarle daño a la Sra. Jennirma Vega Maldonado, quien fue su pareja consensual, consistente en que le di[o] una bofetada en el lado izquierdo de la cara.
>
> **J1VP202500360** (Delito Grave)
> Hechos: 3 de mayo de 2023
> Art. 3.3 Ley 54, *Maltrato mediante amenaza*, 8 LPRA sec. 633.
>
> … ilegalmente y con la intención criminal, incurrió en acto de amenaza contra la Sra. Jennirma Vega Maldonado, quien fue su pareja consensual, consistente en que mediante llamada telefónica le dijo: "SI NO VUELVES CONMIGO TE MATO".

El TPI encontró causa probable para arresto y fijó una fianza global de $225,000.

Posteriormente, el 9 de agosto de 2023, por los actos delictivos acontecidos en Santa Isabel el 6 de mayo de 2023 a las 12:50 de la madrugada, el Pueblo de Puerto Rico presentó en ausencia seis denuncias contra el señor Campos Colón, por presuntamente infringir

---

[1] Apéndice, págs. 1-3.

la Ley 146 de 30 de julio de 2012, "Código Penal de Puerto Rico de 2012" (Código Penal), 33 LPRA sec. 5001 *et seq.*, y la Ley 168 de 11 de diciembre de 2019, "Ley de Armas de Puerto Rico de 2020" (Ley de Armas), 25 LPRA sec. 461, *et seq.*[2]

**J1VP202500380** (Delito Grave)
Art. 93A Código Penal, *Asesinato Primer Grado*, 33 LPRA sec. 5142.

… ilegal, voluntaria, maliciosa y criminalmente, port[ó] y utiliz[ó] un arma de fuego, cargada, sin tener al efecto una licencia expedida por el Jefe de la Polic[í]a de Puerto Rico consistente en que la utiliz[ó] para darle muerte al Sr. Jos[é] Alberto Santiago S[á]nchez.

**J1VP202500381** (Delito Grave)
Arts. 93A [y 35] Código Penal, *Tentativa de Asesinato Primer Grado*, 33 LPRA secs. 5142 [y 5048].

… a prop[ó]sito y con conocimiento realiz[ó] actos inequ[ívoca]mente dirigidos a ocasionarle la muerte a la Sra. Jennirma J. Vega Maldonado, consistente en que útil[i]zando un arma de fuego realiz[ó] varias detonaciones con un arma de fuego. Hirendo a la Sra. Vega Maldonado en la rodilla izquierda y muslo izquierdo. Hechos no consumado[s] por circunstancias ajenas al aqu[í] acusado.

**J1VP202500382** (Delito Grave)
Art. 6.05 Ley de Armas, *Portación, Transportación o Uso de Armas de Fuego sin Licencia*, 25 LPRA sec. 466d.

… ilegal, voluntaria, maliciosa y criminalmente, port[ó] y utiliz[ó] un arma de fuego, cargada, sin tener al efecto una licencia expedida por el Jefe de la Polic[í]a de Puerto Rico consistente en que la utiliz[ó] para darle muerte al Sr. Jos[é] Alberto Santiago S[á]nchez.

**J1VP202500383** (Delito Grave)
Art. 6.05 Ley de Armas, Portación, *Transportación o Uso de Armas de Fuego sin Licencia*, 25 LPRA sec. 466d.

… ilegal, voluntaria, maliciosa y criminalmente, port[ó] y utiliz[ó] un arma de fuego cargada, sin tener al efecto una licencia expedida por el Jefe de la Polic[í]a de Puerto Rico consistente en que la utiliz[ó] en la comisión del delito de tentativa de asesinato contra la Sra. Jennirma Vega Maldonado.

**J1VP202500384** (Delito Grave)
Art. 6.14 Ley de Armas, *Disparar o Apuntar Armas de Fuego*, 25 LPRA sec. 466m.

… ilegal, voluntaria, maliciosa y criminalmente dispar[ó] con un arma de fuego hacia el Sr. Jos[é] Alberto Santiago S[á]nchez, fuera de los lugares autorizados en ley

---

[2] Apéndice, págs. 4-15.

provoc[á]ndole la muerte, sin ser un caso de leg[í]tima defensa de terceros, ni actuaciones en el desempeño de funciones oficiales ni actividades leg[í]timas de deportes.

**J1VP202500385** (Delito Grave)
Art. 6.14 Ley de Armas, *Disparar o Apuntar Armas de Fuego*, 25 LPRA sec. 466m.

... ilegal, voluntaria, maliciosa y criminalmente dispar[ó] con un arma de fuego, hacia la Sra. Jennirma Vega Maldonado, fuera de los lugares autorizados en ley sin ser un caso de leg[í]tima defensa de terceros, ni actuaciones en el desempeño de funciones oficiales ni actividades leg[í]timas de deportes.

El TPI encontró causa probable para arresto e impuso una fianza total de $2,500,000.

Así las cosas, surge del expediente que, el 28 de febrero de 2025, el Peticionario fue llevado ante un magistrado y fue sumariado al no prestar las fianzas impuestas. Luego, el 13 de marzo de 2025, el Pueblo de Puerto Rico presentó una *Moción en solicitud de consolidación de casos*.[3] Solicitó que, en la etapa de vista preliminar, se consolidaran las nueve causas. Explicó que, por la relación intrínseca de los hechos y en aras de promover la economía procesal, las denuncias podían dirimirse en la misma sala y en un solo proceso preliminar. Expresó: "... [E]ntendemos que los eventos imputados en las denuncias de ambos casos están vinculados al ser parte de un evento continuo relacionado a violencia doméstica".[4] Añadió que la evidencia que se presentaría en torno a los cargos de la Ley 54 [J1VP202500358 al J1VP202500360] era de motivo, oportunidad, intención, preparación, plan, conocimiento, identidad y ausencia de error, en referencia a la Regla 404 (B) de Evidencia. 32 LPRA Ap. VI.[5] Apuntó, además, que la Sra. Jennirma Vega Maldonado (señora Vega

---

[3] Apéndice, págs. 16-18.
[4] Apéndice, pág. 16.
[5] La Regla 404 (B) de Evidencia, 32 LPRA Ap. VI, establece en parte: "Evidencia de conducta específica, incluyendo la comisión de otros delitos, daño civil u otros actos, no es admisible para probar la propensión a incurrir en ese tipo de conducta y con el propósito de inferir que se actuó de conformidad con tal propensión. Sin embargo, evidencia de tal conducta es admisible si es pertinente para otros propósitos, tales como prueba de motivo, oportunidad, intención, preparación, plan, conocimiento, identidad, ausencia de error o accidente o para establecer o refutar una defensa".

Maldonado), testigo y alegada víctima, no residía en Puerto Rico y que el Estado gestionaría y asumiría los costos de su traslado para la prestación de su testimonio. Al respecto, el Pueblo de Puerto Rico incoó una *Moción en solicitud de medidas cautelares*.[6] Solicitó que la vista preliminar se celebrase en las fechas convenidas y se ordene a la Defensa del Peticionario a notificar con antelación cualquier solicitud de suspensión, so pena de la imposición del reembolso de los gastos de traslado en las instancias de ausencia de justa causa. De esta manera, se evita la pérdida innecesaria de fondos públicos.

El señor Campos Colón ripostó la acumulación de causas, mediante una *Moción en oposición a solicitud de consolidación*.[7] Planteó su contención y afirmó que la consolidación en esta etapa procesal era improcedente. Sostuvo que los casos trataban sobre fechas, hechos y delitos distintos, presentados en momentos disímiles y con representación legal independiente; así como que la Regla 404 (B), *supra*, no era para consolidar casos. Aseveró: "En el presente caso no existe conexión de los casos de las denuncias de los casos J1VP202500358 al J1VP202500360. Por el contrario, surge que se trata de fechas distintas a las del presente caso, que son el día 6 de mayo de 2023, se trata de hechos distintos y de delitos distintos".[8] Indicó, además, que la consolidación le perjudicaría porque incidiría en las defensas y teorías que cada uno de sus dos abogados pudiera tener.

El Pueblo de Puerto Rico replicó brevemente con el fin de solicitar una vista especial.[9] La breve audiencia se celebró el 25 de marzo de 2025 ante una jurista distinta a la que dirimiría el procedimiento de vista preliminar.[10] Resumimos a continuación la argumentación oral.

---

[6] Apéndice, págs. 19-20.
[7] Apéndice, págs. 21-28.
[8] Subrayado en el original suprimido. Apéndice, pág. 23.
[9] Apéndice, pág. 29.
[10] Apéndice, págs. 30-31; 32 Cederrón de la vista de 25 de marzo de 2025 (0:53:36).

En su turno,[11] el Pueblo de Puerto Rico favoreció la consolidación basada en la cronología de eventos, conforme se desprenden en las tres denuncias de la Ley 54 antes citadas. Plasmó los hechos delictivos imputados en una pizarra mientras los explicaba. Indicó, en esencia, que presuntamente el Peticionario quería vengarse de la señora Vega Maldonado por una encarcelación previa, inquirió si estaba con otra persona y la amenazó de muerte si no regresaba con él. Acontecido lo anterior, luego de llamar a la señora Vega Maldonado y merodear frente a su casa la noche del 5 de mayo de 2023, en la madrugada del día 6, mientras la señora Vega Maldonado se encontraba en su residencia en compañía de su pareja, el Sr. José Alberto Santiago Sánchez (señor Santiago Sánchez), se alegó que el señor Campos Colón se asomó por la ventana de la habitación, le dijo que se lo había advertido y comenzó a disparar por la ventana. Como resultado de estos actos, se le imputó al señor Campos Colón el asesinato del señor Santiago Sánchez, la tentativa de asesinato de la señora Vega Maldonado y las infracciones a la Ley de Armas.

Ante las declaraciones de la señora Vega Maldonado, el Pueblo de Puerto Rico, primero, presentó en ausencia los cargos por la Ley 54 el 6 de mayo de 2023. Posteriormente, el 9 de agosto de 2023, presentó en ausencia el resto de las denuncias por las que se celebra la vista preliminar. Una vez fue extraditado, el señor Campos Colón se presentó ante el TPI el 28 de febrero de 2025, ocasión en que se activaron los casos en su contra.

El Pueblo de Puerto Rico rechazó que fuera a incoar un delito continuo, ya que no se trataba de una sola denuncia, sino de una cadena de hechos. Por tanto, coligió que la secuencia de eventos estaba intrínsecamente conectada, aun cuando hubieran ocurrido en

---

[11] Cederrón 25 de marzo de 2025, 0:4:30.

días distintos, por lo que abogó por la consolidación de las causas radicadas, ante un único imputado, en una sola sala y con la misma testigo en todos los cargos.

Reiteró que la señora Vega Maldonado, por razones de seguridad, ya no reside en Puerto Rico. Indicó sobre la importancia de que ésta testifique en torno a los hechos de manera cronológica, tal como los vivió y no en salas separadas. Adujo también que la consolidación no representaba un perjuicio para el Peticionario, ya que no había varios acusados. Finalmente, recalcó que el señor Campos Colón estaba representado por la Sociedad para la Asistencia Legal (SAL), por lo que puede defenderse con la cantidad de abogados que se asignen.

La Defensa del Peticionario,[12] por su parte, planteó que la consolidación incidía sobre el debido proceso de ley del señor Campos Colón, en su carácter procesal. En particular, destacó que la Regla 89 de Procedimiento Criminal, *infra*, no aplicaba de su faz porque las denuncias no pueden unirse en una sola. Indicó que se trataba de fechas, leyes, defensas, delitos y elementos distintos. Sostuvo que la discreción de los tribunales estaba sujeta a las normas procesales atinentes, en alusión al conjunto de las Reglas 37 y 89 de Procedimiento Criminal, *infra*. Añadió que, aun cuando se trate de un solo imputado y una sola perjudicada, la Regla 89, *infra*, no opera de manera automática. Subrayó que tampoco se trataba de delitos menos graves y graves, como recoge la norma procesal en su letra. En el contexto del concurso de delitos, afirmó que no procedía la consolidación en casos de delitos personalísimos en referencia al asesinato y su tentativa. Reiteró también que si bien el Pueblo de Puerto Rico puede presentar prueba de carácter cuando lo estime conveniente, la Regla 404 (B) de Evidencia, *supra*, no era causa de

---

[12] Cederrón 25 de marzo de 2025, 0:22:40.

consolidación para celebrar juicios en masa. Por último, abogó por mantener los procesos independientes con el fin de que el Peticionario pueda defenderse adecuadamente.

Al replicar,[13] el Pueblo de Puerto Rico aclaró que la intención no era presentar prueba de carácter. Apuntaló que los casos se presentaron porque existe prueba suficiente para vincular al señor Campos Colón en todos los cargos. Difirió también del argumento de la Defensa de que no se pueden consolidar por tratarse de leyes distintas y recalcó en que se trataba de eventos enlazados, en los que los tribunales tenían discreción para ordenar la consolidación.

En su último turno,[14] la Defensa ripostó acerca de la economía procesal como razón para consolidar. Indicó que dicha premisa busca evitar dilaciones innecesarias y atender adecuadamente los asuntos, incluyendo los derechos procesales y sustantivos de los imputados. Apostilló que no debía utilizarse la economía procesal como subterfugio para la consolidación de casos que no tenían nada que ver ni eran concurso real ni ideal de delitos; ni se podía utilizar los elementos de un delito (tentativa de asesinato) y la prueba de otro distinto (Ley 54).

En la misma fecha de la vista, 25 de marzo de 2025, el TPI dictó la *Resolución* recurrida.[15] En síntesis, justipreció que procedía la consolidación al tratarse de casos relacionados entre sí. Por consiguiente, declaró Ha Lugar la *Moción en solicitud de consolidación de casos*. En consecuencia, ordenó el traslado de los casos J1VP202500358 al J1VP202500360 al proceso de vista preliminar de los casos J1VP202500380 al J1VP202500385. Las partes quedaron citadas para la celebración de la vista preliminar el 27 de marzo de 2025.

---

[13] Cederrón 25 de marzo de 2025, 0:44:15.
[14] Cederrón 25 de marzo de 2025, 0:48:10.
[15] Apéndice, págs. 33-37.

No obstante, el mismo día 27, el señor Campos Colón presentó una *Moción en reconsideración a Resolución sobre consolidación de casos*.[16] Así, pues, la vista preliminar no se pudo llevar a cabo, toda vez que la petición de reconsideración de la *Resolución* que nos ocupa estaba *sub judice*. Del expediente se desprende que, en la audiencia, el TPI resumió el trámite del caso y fijó una vista de estatus para el día 9 de abril de 2025. Preliminarmente, calendarizó el proceso preliminar para el 11 y 15 de abril de 2025. El TPI hizo mención de que el término de detención preventiva del señor Campos Colón, quien se encuentra sumariado desde el 28 de febrero de 2025, está en curso.[17]

En cumplimiento de *Orden*,[18] el Pueblo de Puerto Rico presentó su postura a la solicitud a reconsiderar.[19] El 8 de abril de 2025, notificada en la misma fecha, el TPI declaró No Ha Lugar el escrito de reconsideración.[20]

Aún insatisfecho, el señor Campos Colón acudió ante este foro revisor el 14 de abril de 2025 y esbozó el siguiente error:

> ERRÓ LA JUEZ CHARLENE RIVERA AGOSTO DEL TRIBUNAL DE PRIMERA INSTANCIA DE PONCE AL DECLARAR *HA LUGAR* UNA SOLICITUD DEL MINISTERIO FISCAL PARA CONSOLIDAR TRES CASOS (DENUNCIAS) —POR DIVERSOS DELITOS COMETI[D]OS EN FECHAS DISTINTAS— CON UN CUARTO CASO (DENUNCIAS), CUYOS HECHOS OCURRIERON POSTERIORMENTE, A LOS FINES DE CELEBRAR UNA SOLA VISTA PRELIMINAR CONTRA EL SEÑOR LUIS CAMPOS COLÓN. ESTO, DEBIDO A QUE LAS REGLAS 89 Y 93 DE PROCEDIMIENTO CRIMINAL INEQU[Í]VOCAMENTE ESTRABLECEN QUE LA CONSOLIDACIÓN DE CASOS ESTÁ DISPONIBLE PARA LA ETAPA JUSTO ANTES DE INICIAR EL JUICIO EN SU FONDO.[21] CONSTITUYENDO ELLO, UNA *CRASA VIOLACIÓN* AL DERECHO CONSTITUCIONAL DEL IMPUTADO A UN DEBIDO PROCESO DE LEY.[22]

---

[16] Apéndice, págs. 38-44.
[17] Véase, Apéndice, pág. 45 Cederrón de la vista de 27 de marzo de 2025 (0:17:20).
[18] Apéndice, págs. 46-47.
[19] Apéndice, págs. 48-53.
[20] Apéndice, págs. 54-55.
[21] "Véase también Regla 37 (a) de Procedimiento Criminal".
[22] "Véase Enmiendas V y XIV de la Constitución de los Estados Unidos de Norteamérica, así como el Artículo II, Sección 7 de la Constitución del Estado Libre Asociado de Puerto Rico". Énfasis en el original.

**II.**

**A.**

El auto de *certiorari* es un vehículo procesal de naturaleza discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones judiciales de un foro inferior y corregir algún error cometido por éste. *800 Ponce de León v. AIG*, 205 DPR 163, 174 (2020); *IG Builders et al., v. BBVAPR*, 185 DPR 307, 337-338 (2012); *García v. Padró*, 165 DPR 324, 334 (2005). El Tribunal Supremo de Puerto Rico ha definido *discreción* como el "poder para decidir en una u otra forma, esto es, para escoger entre uno o varios cursos de acción". *García v. Padró, supra*, que cita a *Pueblo v. Ortega Santiago*, 125 DPR 203, 211 (1990). Así, pues, la discreción es "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera..." *Pueblo v. Sánchez González*, 90 DPR 197, 200 (1964), citado con aprobación en *García v. Padró, supra*, págs. 334-335.

En cuanto a este foro revisor, el ejercicio de la discreción no equivale a hacer abstracción del resto del Derecho, ya que ese proceder constituiría, en sí mismo, un abuso de discreción. *Negrón v. Srio. de Justicia*, 154 DPR 79, 91 (2001). Por lo tanto, el examen al auto discrecional que realizamos antes de decidir el curso a seguir no se da en el vacío ni en ausencia de otros parámetros. *800 Ponce de León v. AIG, supra*, pág. 176. Ello así, porque "el adecuado ejercicio de la discreción judicial está inexorable e indefectiblemente atado al concepto de la razonabilidad". *García v. Padró, supra*, pág. 335; *Pueblo v. Ortega Santiago, supra*. En virtud de lo anterior, para ejercer sabia y prudentemente nuestra facultad discrecional, al determinar si expedimos o denegamos un recurso de *certiorari*, nos guiamos por la Regla 40 del Reglamento del Tribunal de Apelaciones, *Criterios para la expedición del auto de certiorari*, 4 LPRA Ap. XXII-B, R. 40. Así reza:

El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

De ordinario, **este tribunal intermedio no interviene con las determinaciones emitidas por el foro primario ni sustituye su criterio discrecional**, "salvo que se pruebe que dicho foro actuó con prejuicio o parcialidad, incurrió en craso abuso con el ejercicio de la discreción, o que incurrió en error manifiesto". *Citibank et al. v. ACBI et al.*, 200 DPR 724, 736 (2018) y la jurisprudencia citada.

**B.**

En aras de lograr una tramitación justa del proceso criminal, de realizar una pronta y eficaz administración de la justicia, a la vez de evitar dilaciones y gastos innecesarios, sin dejar de procurar el mejor interés de la sociedad y de la persona imputada de delito, la Regla 37 de Procedimiento Criminal, 34 LPRA Ap. II, contempla la acumulación de delitos y de acusados. J.E. Fontanet Maldonado, *El proceso penal de Puerto Rico, Etapa investigativa e inicial del proceso*, Ed. InterJuris, 2008, t. 1, págs. 312-313. De esta manera, se propende a una tramitación más rápida y eficaz, así como a la

protección del imputado para que no sea sometido innecesariamente a un indebido hostigamiento mediante la celebración de múltiples procesos judiciales. *Id.* El inciso (a) de la norma procesal dispone, en lo pertinente:

> (a) Acumulación de delitos. **En la misma acusación o denuncia se podrán imputar dos o más delitos, en cargos por separado para cada uno de ellos, si los delitos imputados** fueren de igual o similar naturaleza, o **hubieren surgido** del mismo acto o transacción, o **de dos o más actos o transacciones relacionadas entre sí** o que constituyeren partes de un plan común. Las alegaciones de un cargo podrán incorporarse en los demás cargos por referencia. (Énfasis nuestro).
> .    .    .    .    .    .    .    .

Toda vez que se alude exclusivamente a la acumulación de delitos, se infiere "que tal acumulación puede ocurrir cuando en el pliego acusatorio figura **un solo acusado**". (Énfasis nuestro). Fontanet Maldonado, *op. cit.*, pág. 313. En tales circunstancias, entre otras, la acumulación es permisible cuando los delitos hayan surgido de **dos o más actos o transacciones relacionadas entre sí**. *Id.* "Cuando hay más de un acto o transacción presente, se trata de **transacciones que ocurren a distancia de tiempo y/o de lugar, pero que están relacionadas entre sí** (fáctica o jurídicamente) o porque van dirigidas a un mismo fin o porque forman parte de un plan común". (Énfasis nuestro). *Id.*, pág. 314.

En consonancia, la Regla 89 de Procedimiento Criminal, 34 LPRA Ap. II, establece en parte lo que sigue:

> **El tribunal podrá ordenar que dos o más acusaciones o denuncias sean vistas conjuntamente si los delitos** y los acusados, si hubiere más de uno, **pudieron haber sido unidos en una sola acusación o denuncia**. El proceso se seguirá como si se tratare de una sola acusación o denuncia. (Énfasis nuestro).
> .    .    .    .    .    .    .    .

El Tribunal Supremo ha expresado que las Reglas 37 y 89 tienen el propósito de reglamentar la consolidación de causas de acción, en ánimo de aligerar la administración de la justicia, pero sin perjudicar los derechos del imputado. Las normas procesales

autorizan la vista conjunta de varias acusaciones, cuando surgen, por ejemplo, de una serie de eventos o transacciones. Ahora bien, ninguna de las dos reglas permite la celebración de una "vista conjunta de varios casos contra distintas personas por hechos que no tienen relación alguna entre sí". *Pueblo v. Maya Pérez*, 99 DPR 823, 826 (1971). Por tanto, lo proscrito es traspasar los límites de lo autorizado por las reglas antes citadas. *Id.,* págs. 826-827.

Es decir, la transcrita norma procesal permite la consolidación de causas contra un imputado, si éstas eran acumulables bajo la Regla 37 (a) de Procedimiento Criminal, *supra,* pero que no fueron acumuladas. E. L. Chiesa Aponte, *Derecho procesal penal de Puerto Rico y Estados Unidos*, Editorial Forum, 1995, vol. III, sec. 25.2 (A), pág. 134. "Si los delitos imputados a un acusado son acumulables bajo la Regla 37 (a), la mejor práctica es la acumulación". *Id.* El tribunal tiene discreción para ordenar la consolidación en vías de la economía procesal y evitar la duplicidad de juicios. *Id.* El Tribunal Suprema ha sido enfático en que "existe un innegable interés social en la acumulación de causas y la celebración de un solo juicio". *Pueblo v. Virkler*, 172 DPR 115, 125 (2007). Ello, puesto que la duplicación de juicios, en relación con actos delictivos que se originan de una serie de eventos o transacciones, acarrea serias inconveniencias al Estado y a las personas afectadas. *Id.*

De otra parte, la Regla 90 de Procedimiento Criminal, 34 LPRA Ap. II, permite juicios por separado de delitos o de acusados "[s]i se demostrare que un acusado o El Pueblo han de perjudicarse por haberse unido varios delitos o acusados en una acusación o denuncia, o por la celebración del juicio conjuntamente". Ahora bien, si el perjuicio es mínimo, "debe ceder ante el beneficio que representa la vista conjunta, en tiempo y dinero". *Pueblo v. Maya Pérez, supra,*

pág. 826.[23] Finalmente, la Regla 93 de Procedimiento Criminal, 34 LPRA Ap. II, establece el proceso para solicitar la acumulación o la separación de causas:

> La solicitud para la acumulación o separación de causas bajo las Reglas 89 a 92 deberá presentarse por escrito, con no menos de veinte (20) días de antelación al juicio y expresará las razones en que se funda. Deberá notificarse a la otra parte. Por causa justificada, el tribunal podrá permitir que dicha solicitud se presente en cualquier momento antes de ser llamado el caso para juicio.

**III.**

Mediante el presente recurso, el Peticionario cuestiona la decisión del TPI al ordenar la consolidación de los casos de Ley 54 J1VP202500358 al J1VP202500360, al proceso de los casos del Código Penal y la Ley de Armas J1VP202500380 al J1VP202500385, ambos en etapa de vista preliminar. Argumenta que las Reglas 89 y 93 de Procedimiento Criminal, *supra,* contemplan la etapa del juicio y no las de la vista preliminar.[24]

En este caso, luego de entrevistar a la señora Vega Maldonado, el 6 de mayo de 2023, el Pueblo de Puerto Rico imputó los tres delitos de Ley 54 (J1VP202500358 al J1VP202500360) contra el señor Campos Colón, acontecidos unos días antes. Ese día 6 ocurrió el asesinato del señor Santiago Sánchez y la tentativa del asesinato de la señora Vega Maldonado, mediante el uso no autorizado de un arma de fuego. Estos hechos apenas comenzaban su etapa investigativa en la referida fecha. Una vez culminada la investigación, el 9 de agosto de 2023, el Pueblo de Puerto Rico presentó las denuncias de los correspondientes cargos (J1VP202500380 al J1VP202500385) contra

---

[23] La Regla 91 de Procedimiento Criminal, 34 LPRA Ap. II, obliga a la celebración de un juicio por separado cuando una de varias personas acusadas realizó admisiones o declaraciones que afectan al resto de los acusados. Claro está, incluso en estas circunstancias, el Ministerio Público podrá mantener los juicios juntos si se compromete a no utilizar como prueba la declaración, confesión o admisión.

[24] El aforismo jurídico "quien puede lo más, puede lo menos" (*qui potest plis, potest minus*) establece que, si algo está permitido o se considera válido en una medida mayor, entonces, también lo está en una medida menor. Es decir, si el ordenamiento procesal criminal permite la consolidación de cargos en el juicio, etapa crítica del procedimiento criminal, en los casos apropiados, no existe impedimento para realizar dicha acumulación en la etapa previa, esto es, en la vista preliminar.

el Peticionario. Luego, solicitó la consolidación de las nueve denuncias para la celebración de una sola vista preliminar, a base de la relación intrínseca de los hechos delictivos y en ánimo de economizar tiempo y recursos; en particular, los costos del traslado de la testigo Vega Maldonado.

En su escrito judicial, el Peticionario, quien cuenta con representación legal de la SAL para cada caso, se opone bajo un argumento meramente procesal, sin alegar concretamente qué perjuicios acarrearía la consolidación, ya que es el único imputado en todas las denuncias. De otro lado, para la presentación de la probabilidad de la comisión de los elementos de los delitos y la conexión del imputado con éstos —estándar probatorio del proceso de vista preliminar, que no es un mini juicio— el Pueblo de Puerto Rico requiere del testimonio de la alegada víctima sobreviviente, la señora Vega Maldonado, quien reside fuera de nuestra jurisdicción y cuyos gastos de traslado le competen al erario.

Indudablemente, las disposiciones legales citadas permiten la consolidación de causas en etapa de vista preliminar cuando, como en este caso, se trata de una cadena de eventos de cercanía temporal, cuyos delitos están inexorablemente relacionados entre sí. Además, el TPI ejerció su discreción para decidir que todos los cargos se ventilen en un solo proceso preliminar. En cambio, el Peticionario no ha señalado arbitrariedad o error, ni abuso de discreción del foro impugnado en su determinación.

En suma, luego de examinar la totalidad del expediente, al tenor del marco legal esbozado, concluimos que el TPI cumplió con lo preceptuado en nuestro ordenamiento jurídico al declarar con lugar la solicitud de consolidación de las nueve denuncias criminales, en etapa de vista preliminar. De esta determinación no emana un perjuicio que transgreda el debido proceso de ley del señor Campos Colón. Sin la demostración de un perjuicio suficiente, la predilección

de observar vistas preliminares separadas debe ceder ante el beneficio que representa la vista conjunta y así emular el principio de economía procesal. Resolver de otra manera podrá resultar en una duplicidad innecesaria de procesos preliminares, que redundará en el detrimento de una solución justa, rápida y económica del procedimiento.

Evaluado el presente recurso, determinamos que no nos encontramos bajo ninguna de las instancias en la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, que nos permita intervenir con el dictamen recurrido. Ante la ausencia de perjuicio, pasión, parcialidad y error de derecho no procede nuestra intervención en esta etapa de los procedimientos ni la expedición del auto de *certiorari*.

**IV.**

En virtud de lo anterior, acordamos denegar el auto de *certiorari*.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones